SOUTHERN SURETY COMPANY *v.* PURYEAR-MEYER GROCER COMPANY.

Opinion delivered January 30, 1922.

INSURANCE—INDEMNITY POLICY—DEFENSES.—A default judgment for personal injury was obtained against insured without notice to insurer, and was subsequently abandoned for want of service. A second suit was brought by the same plaintiff against insurer, of which the insurer was notified. Judgment was had in the common pleas court and appeal taken to the circuit court, where the insurer interposed no defense except *res judicata,* which was sustained, and judgment entered thereon. Subsequently, on request of insured, the order sustaining the plea was set aside, whereupon insured paid the judgment. *Held* that there was o merit to the defense that insured failed to notify insurer of the first suit, which was abandoned, nor was there merit to the defense that insured interfered with the defense in the circuit court, since insurer's plea of *res judicata* was obviously interposed, not to defeat liability, but to absolve insurer while holding insured liable.

Appeal from Greene Circuit Court, First Division; R. H. *Dudley,* Judge; affirmed.

*D. G. Beauchamp,* for appellant.

Appellant did not waive its right to avail itself of the covenants of the policy with reference to notice of claim and notice of suit, by its appearance and defense of the second suit instituted by Scott. A waiver is the intentional relinquishment of a known right. 82 Fed. 406, 47 L. R. A. 450; 32 Conn. 21, 85 Am. Dec. 240; 66 Conn. 227, 50 A. S. R. 80; 127 Ill. 364; 11 A. S. R. 121.

Under the contract appellant was bound to appear and defend the action, and by doing so cannot be held to have waived any right.

Appellee breached every condition of the policy he was in duty bound to perform.

Appellant had the right to plead *res judicata* and secure the dismissal of the suit it was called on to defend. The original judgment recited service of summons upon appellee, and is therefore valid and binding. 72 Ark. 265; 105 Ark. 5.

Appellee interfered with the conduct of the suit, and failed to cooperate with the appellant, as required by the policy.

The execution sued out and paid was upon the second judgment, while there was a prior valid judgment outstanding.

Instructions 1, 2 and 3 are bad in that they ignore the defenses of appellant with respect to the compliance by appellee with the terms of the contract.

*M. P. Huddleston, Fuhr & Futrell,* for appellee.

Appellant took charge of the second suit with full knowledge of the prior suit and judgment, without any notice to the assured that it did not intend to waive any of its rights as to any matter of defense and non-liability, and is therefore estopped to plead in this suit that it did not waive any of its rights. Joyce on Ins. vol. 4, p. 4812 and 4813; 143 S. W. 438; 109 N. W. 410; 81 Pac. 826; 210 N. Y. 235; L. R. A. 1915-A 629.

By pleading *res judicata* appellant assumed inconsistent positions, in that while pretending to represent appellee it was taking advantage of the plea to fasten on the appellee the validity of the first judgment. 235 L. R. A. 1915-A 629; 143 S. W. 438.

Appellee did not interfere with the litigation.

McCulloch, C. J. Appellee, a domestic corporation, is engaged in the mercantile business in the city of Paragould, and operates one or more automobile trucks in connection with its business. One of these trucks collided with and damaged an automobile owned by G. W. Scott, and the latter made claim against appellee for reimbursement for the injury thus inflicted. Appellee carried with appellant a policy of indemnity insurance covering liability of the kind which includes Scott's claim against appellee.

Scott obtained a default judgment in the common pleas court of Greene County for the amount of his claim, and then demanded payment of the judgment, but appellee refused to pay the judgment on the ground that it had not been served with process in the action. The record in that case does not show that any process had been issued or served. Scott then abandoned the judgment and caused another summons to be issued and served on appellee, who notified appellant of the pendency of the suit and forwarded to appellant a copy of the summons. Appellant, through its attorneys, took charge of the litigation and appealed to the circuit court from the second judgment rendered against appellee, and after the cause reached the circuit court on appeal, those attorneys interposed a defense of *res judicata,* based on the former judgment rendered in the common pleas court. No other defense was interposed. The court sustained his plea, and entered a judgment accordingly, but the next day, at the request of one of the managing officers of appellee company, set aside the order sustaining the plea and continued the case until the next term of the court. Subsequently appellee paid the

judgment, and the appeal from the common pleas court was dismissed by consent. Appellee then instituted the present action against appellant to recover on the policy of indemnity insurance.

According to the stipulations of the policy, appellee, as the assured thereunder, undertook to perform the condition upon which liability against appellant should be asserted as follows:

"(a)    Upon the occurrence of an accident covered by this policy, the assured shall give immediate written notice thereof with the fullest information obtainable at the time to the company, or its duly authorized agent. If a claim is made on account of such accident, the assured shall give like notice thereof, with full particulars. If suit is brought to enforce such claim, the assured shall immediately forward to the company every summons, or other process, as soon as same shall have been served upon him. The assured shall at all times render to the company all co-operation and assistance, except in a pecuniary way, within his power.

"(b)    The assured * * * shall not interfere in any negotiations for settlement, or in any legal proceeding conducted by the company on account of any claim * *."

The defense relied on in the present action is that appellee failed to notify appellant of the first suit instituted by Scott and failed to forward a copy of the summons, and that appellee interfered with the efforts of appellant to defend against the Scott suit in the circuit court.

The material facts in the case are undisputed, and it is unnecessary to consider the assignments of error with respect to the charge of the court to the jury.

The failure of appellee to notify appellant prior to the first judgment entered in the common pleas court affords no defense to the present action, for that judgment was abandoned. The purpose of the stipulation in the policy was to afford the company an opportunity to

control the litigation and interpose a defense against the claim on the merits of the case. The first judgment obtained by Scott against appellee was abandoned, and no payment was made thereunder, and no liability against appellant is sought by virtue of an enforced payment of that judgment, hence it is clear that there was no breach of the conditions of the policy by failure of appellee to give notice of the first suit. Nor do we think, under the undisputed evidence, that there was any interference with appellant in defending against the suit in the circuit court. It offered no defense on the merits, but merely interposed a plea of *res judicata,* which was obviously done for the purpose, not of defeating the claim of Scott, but to establish the liability under the first judgment so as to afford appellant a defense against appellee's claim for indemnity. Appellant was let in to defend against the original litigation, not for the purpose of absolving itself from liability to appellee, but to defend against the claim of Scott, and appellee was not bound to sit by and permit appellant's attorneys to conduct the litigation solely for the purpose of enabling appellant to escape liability, and at the same time to fasten upon appellee the liability for Scott's claim.

We are of the opinion, therefore, that the judgment was correct upon the undisputed evidence, and no error in the instructions could have been prejudicial.

Affirmed.