HOWARD KLEIN ET AL V. CENTURY LLOYDS

No. A-4728. Decided January 12, 1955.
Rehearing overruled February 23, 1955.
(275 S.W. 2d Series 95)

*Winston P. Brummett,* of Lubbock, for petitioners.

The Court of Civil Appeals erred in holding that Charles Gunter failed to notify the defendant insurance company in

writing of the occurrence of the accident as soon as practicable, in view of the jury's finding to the contrary; and in holding that the insurance company was estopped to assert its defense of the failure of Gunter to forward to the company the original damage suit citation. Commercial Standard Ins. Co. v. Harper, 129 Texas 249, 103 S.W. 2d 143; Dallas Opera House Ass'n. v. Dallas Enterprises, 298 S.W. 397; Zurich Gen. Acc. & Lia. Ins. Co. v. Johnson, 146 Texas 232, 205 S.W. 2d 353.

*Chaney & Davenport* and *F. B. Davenport,* of Dallas for respondents.

In response to petitioners' citations cited Olgin v. Employers Mutual Casualty Co., 228 S.W. 2d 552; New Amsterdam Casualty Co. v. Hamblem, 144 Texas 306, 190 S.W. 2d 56; General Acc. Fire & Life Assur. Corp. v. Butler's Ice Cream Factory, 5 S.W. 2d 976.

MR. CHIEF JUSTICE HICKMAN delivered the opinion of the Court.

Petitioners, Howard Klein and daughter, Mary Genevieve Klein, obtained a judgment against Charles Gunter for $10,-799.61 damages on account of injuries sustained by them in an automobile collision. Gunter held a policy of public liability insurance issued by respondent, Century Lloyds. The judgment not having been satisfied by Gunter, this suit was brought by petitioners against respondent to enforce its alleged liability under the policy. Findings by the jury favorable to the petitioners were set aside by the trial judge upon motion by respondent for judgment non obstante veredicto, and judgment rendered that petitioners take nothing, which judgment was affirmed by the Court of Civil Appeals, 275 S.W. 2d 91.

The policy contains the following provisions:

(1) "When an accident occurs written notice shall be given by *on* on behalf of the insured to the company or any of its authorized agents as soon as practicable. * * *"

(2) "If claim is made or suit is brought against the insured, the insured shall immediately forward to the company every demand, notice, summons or other process received by him or his representatives."

Provision 3 required co-operation on the part of the insured.

The jury found that Gunter complied with provision 1 by giving notice "as soon as practicable," and that he co-operated with respondent as required by provision 3. There was no claim that he complied with provision 2, but in answer to special issues the jury made findings which would estop respondent from relying upon a breach of that provision as a defense. The Court of Civil Appeals held that the uncontradicted evidence disclosed that Gunter failed to comply with provisions 1 and 3, and that there was no evidence to sustain the jury finding of estoppel. In short, it was held that, notwithstanding the verdict, petitioners were properly denied recovery by the trial court upon three grounds.

The provision requiring co-operation on the part of the insured is more elastic than the other provisions, and, since we are of the opinion that the judgments below should be affirmed on either or both of the other grounds, the question of co-operation becomes immaterial and will not be decided or discussed.

■ It should be kept in mind that this is a suit on an insurance policy executed to Gunter and that it can benefit petitioners only to the degree which it affords protection to Gunter. Universal Automobile Insurance Co. v. Culberson, 126 Texas 282, 86 S.W. 2d 727. The case must be decided, therefore, just as if Gunter had paid the judgment against him and was plaintiff in the suit seeking indemnity under the terms of the policy. It is unquestioned that the provisions of the policy quoted above and relied upon by respondent as defenses to this cause of action are conditions precedent to the right of Gunter to recover. If he did not meet those conditions, he would not have been heard to assert that respondent was not injured by his failure to do so, or that he should be entitled to recover on equitable grounds. His right to recover at all would have been determined solely by the terms of his policy, and petitioners' right must be measured by the same standard. New Amsterdam Casualty Co. v. Hamblen, 144 Texas 306, 190 S.W. 2d 56.

■ With regard to the failure of Gunter to give notice of the accident "as soon as practicable," the facts are not in dispute. The accident occurred on December 4, 1949. In some manner respondent learned of the accident a few days thereafter and employed an insurance adjuster to investigate the case. It is not claimed that by making an independent investigation of the case the respondent waived its right to rely upon the defense of the failure of the insured to give notice "as soon as prac-

ticable." The sole claim is that there was evidence that the insured did not violate that condition of the policy. When there is eliminated from the evidence relied upon by petitioners in support of that claim all the evidence which would be revelant only to a claim of waiver, we find no evidence of probative value supporting the point. The testimony of the insured was not procured. Petitioners rely upon the claim that circumstances were proved which raised a fact issue. We are unable to discover any circumstances which do more than raise a mere surmise or suspicion. There is no showing that the insured was unable physically or mentally to comply with the condition. Four days after the accident he went to the courthouse in Garza County and pleaded guilty to the offense of assault with an automobile growing out of the collision in question. On January 5, 1950, thirty-two days after the accident, the adjuster employed by respondent made contact with Gunter at Big Spring and procured from him a statement of the facts surrounding the accident. That statement constituted the first notice of any character which Gunter gave respondent of the accident. There is no suggestion that he would ever have given such notice had he not been contacted by the adjuster. While the question of whether notice was given "as soon as practicable" is ordinarily a question of fact, if, as in this case, the facts are undisputed, the question then becomes a question of law for determination by the court. It is our view that the courts below did not err in holding that, as a matter of law, Gunter failed to give the required notice "as soon as practicable." Commercial Standard Insurance v. Harper, 129 Texas 249, 103 S.W. 2d 143; 110 A.L.R. 529.

■ With regard to provision No. 2, which required the insured to "immediately forward to the company" any process received by him in connection with a suit brought against him, the facts are likewise undisputed. Petitioners filed suit against Gunter on June 3, 1950. It is stipulated that no copy of the citation served upon Gunter in that case was ever forwarded to the respondent. On January 24, 1951, respondent was joined in that suit, but for some reason the suit was dismissed by petitioners two months later. Following the dismissal, petitioners filed a second suit against Gunter and caused citation in the cause to be served upon him. He immediately forwarded the same to the respondent. The judgment mentioned at the beginning of this opinion was rendered in this second suit. Petitioners did not claim that there was any evidence raising the issue that Gunter complied with the provision requiring him to give immediate notice of citation served upon him in the first suit. Their defense was that

respondent was estopped to assert as a defense Gunter's failure to do so. The claim of estoppel is based upon these facts: The adjuster employed by respondent to investigate the case made a written report to respondent, dated January 17, 1950, in which he disclosed that he had advised Gunter that his insurance was limited to coverage of his own vehicle. Respondent strenuously objected to the introduction of the report on various grounds, including the ground that it was hearsay and that there was no showing that the adjuster was authorized to make such representation. Without considering the validity of the objections, since the question is not briefed here, but assuming, for the purpose of this decision, that the objections were not well taken, still the evidence, in our view, falls far short of establishing an estoppel against respondent. There is no direct evidence in the record that Gunter relied upon any representation made to him by the adjuster. He did not testify as a witness and no circumstances appear which would warrant the conclusion that he did rely upon those representations, and not upon the plain provisions of the policy.

■ Point No. 2 of the application for writ of error presents only the question that the trial court erred in its holding that respondent was not estopped to assert the defense of the failure of the insured to forward to it the original damage suit citation. In one paragraph of the argument under that point the claim is presented that the prompt forwarding of the citation in the subsequent suit was a substantial compliance with the condition now being considered. That question was not presented in the motion for new trial in the district court, in the brief or motion for rehearing in the Court of Civil Appeals, or by any point in the application for writ of error. We, therefore, are not authorized to consider it.

We are well convinced that this case has been correctly decided by both courts below. It is accordingly affirmed.

Opinion delivered January 12, 1955.

MR. JUSTICE SMITH, joined by JUSTICE GRIFFIN, dissenting.

I respectfully dissent. The policy involved contains the following provisions which, in my opinion, have a direct bearing on the issues presented to this Court for determination.

*"Coverage A-Bodily Injury Liability*

To pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of bodily injury, sickness or disease, including death at any time resulting therefrom, sustained by any person, caused by accident and arising out of the ownership, maintenance or use of the automobile.

*"Coverage B-Property Damage Liability*

To pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of injury to or destruction of property, including the loss of use thereof, caused by accident and arising out of the ownership, maintenance or use of the automobile."

## "CONDITIONS

"1. *Notice of Accident Coverages A, B and C.* When an accident occurs written notice shall be given by or on behalf of the insured to the company or any of its authorized agents as soon as practicable. Such notice shall contain particulars sufficient to identify the insured and also reasonably obtainable information respecting the time, place and circumstances of the accident, the names and addresses of the injured and of available witnesses.

"2. *Notice of Claim or Suit Coverages A and B.* If claim is made or suit is brought against the insured, the insured shall immediately forward to the company every demand, notice, summons or other process received by him or his representative.

\* \* \*

"6. *Action Against Company Coverages A and B.* No action shall lie against the company unless, as a condition precedent thereto, the insured shall have fully complied with all the terms of this policy, nor until the amount of the insured's obligation to pay shall have been finally determined either by judgment against the insured after actual trial or by written agreement of the insured, the claimant and the company.

\* \* \*

"16. *Assistance and Cooperation of the Insured.* Coverages A, B, D, E-1, E-2, E-3, F, G-1, G-2, G-3, H, I and J. The insured shall cooperate with the company and, upon the company's request, shall attend hearings and trials and shall assist in effecting settlements, securing and giving evidence, obtaining and attendance of witnesses and in the conduct of suits. The insured shall not, except at his own cost, voluntarily make any payment, assume any obligation or incur any expense other than for such

immediate medical and surgical relief to others as shall be imperative at the time of accident."

Respondent filed its answer alleging that Charles Gunter failed to furnish "the notices required of him under the terms and provisions of his contract, and the said Charles Gunter did not immediately forward to the Company the demands, notices, summons, and other process received by him issued out of said suit." Petitioners, in answer to this plea, alleged that respondent had notice and knowledge of the collision of December 4, 1949 within one week of the occurrence; that it caused a thorough investigation to be made of the facts surrounding the accident and that Gunter fully cooperated with the respondent in all respects as required by the terms of the policy, and that by virtue of all the facts and circumstances the respondent waived "strict compliance with the terms of such insurance contract." Petitioners further alleged that "Charles Gunter did forward every demand, notice, summons or other process received by him in the cause No. 1060 wherein these plaintiffs obtained judgment relating to the suit on file in the District Court of Garza County." The facts on this point, which were plead and proved, will be more fully discussed later in this opinion.

Whether notice has been given "within a reasonable period of time," is ordinarily a question of fact for the jury's determination under proper instruction from the court. Commercial Standard Ins. Co. v. Harper, 129 Texas 249, 103 S.W. 2d 143; 110 A.L.R. 529; General Acc. Fire & Life Assur. Corporation v. Butler's Ice Cream Factory, Texas Com. App., 5 S.W. 2d 976. In regard to the question of written notice, the trial court submitted Special Issue No. 4 inquiring of the jury whether or not such notice was given as soon as practicable. The jury answered in the affirmative.

The facts and circumstances, when considered in the light most favorable to the petitioners, and without considering all unfavorable evidence, support the jury finding that written notice was given as soon as practicable. The assured was a 21-year-old roughneck; the accident occurred on December 4, 1949; four days after the accident the insurer employed J. W. Johnson, an independent claims adjuster, to begin an investigation. The investigation started immediately. It is apparent from the record that the insurer knew where the assured could be located. The assured, through Mr. Johnson, interviewed the officer who investigated the accident. The officer gave information conclusively showing that the assured was in the wrong; that the

collision occurred on Klein's side of the highway. Johnson began his investigation under oral instructions from the insurer and continued his activities until January 4, 1950. On that date insurer addressed a letter to Johnson giving him the address of Gunter, the assured. Prior to this, in the oral instructions given over the telephone, the insurer, through a Mr. Castle, employed Johnson to investigate the accident. Castle stated he "had a policy on one Charles Gunter, covering a 1948 Chevrolet," and that the Gunter car was located at the Post Wrecking Yard in Post, Texas. On January 5, 1950, Johnson went to the address of Charles Gunter and Gunter gave a full and complete written report of the accident. His written report was given within 32 days from the date of the accident. Mr. Johnson made a complete report in writing to the insurer on January 17, 1950. Between the dates of January 5 and January 17, 1950, Johnson continued the investigation. He talked to Gunter between those dates. Gunter at all times freely gave to Johnson all cooperation possible. Gunter suffered severe head and scalp injuries in the accident and also had five or six teeth knocked out. He was unconscious "and did not know anything for a couple of days." It is true he did not know the names of the other parties involved in the accident, but the record shows that the insurer had this information long before obtaining the statement from Gunter. The insurer made its investigation and had in its possession the written report of Gunter and Johnson from January 17, 1950 until March 26, 1951, a period of some 14 months, before it refused to defend the suit because of the claimed failure of assured to give written notice as soon as practicable. The reports made by Gunter and Johnson were made on forms furnished by the insurer. The respondent is bound by the acts and conduct of Johnson, the adjuster.

The evidence supports the finding of the jury on the question of written notice. The term "as soon as practicable" has been construed by the courts to mean within a reasonable period of time under the attending circumstances, to effectuate the objects and purposes of the notice clause. General Accident Fire & Life Assurance Corporation v. Butler Ice Cream Factory, Texas Com. App., 5 S.W. 2d 976.

It is well to bear in mind that, although provisions 1 and 2 contained in the policy are conditions precedent to petitioners' right to recover, such provisions can be waived. The evidence not only supports the jury finding on the issue of written notice, but also goes further and shows that the respondent waived a strict compliance with such provision of the policy. The respond-

ent had issued a policy in favor of Gunter which, by its terms, required it to defend any suit growing out of an accident in which the automobile described in the policy might be involved. The respondent did not wait for formal written notice from Gunter. It chose to begin its investigation and prepare for a defense of any claim or suit which might arise without waiting for formal notice. It obtained all the information that the policy required Gunter to furnish. In the case of Commercial Standard v. Harper, supra, the Court said: "It was the duty of the trial court to grant the company's motion for an instructed verdict in favor of the insurer *unless by some action on its part it waived the right of defense for noncompliance by the insured with the notice requirement. It is undisputed that the company took no action of any kind prior to receiving the notice sent almost a month after the theft of the car. Prior to that time it was ignorant of the fact that the car had been stolen and had no knowledge of whether circumstances existed which excused the delay.*" (Emphasis added)

In the Harper case, the company did make an investigation after receiving the notice, but before doing so secured a non-waiver agreement from Harper. In view of such agreement, the Court held that there was no waiver by the company of the notice requirement because of its actions after receipt of the notice. In the present case no effort was made to secure a non-waiver agreement at any time. Respondent, if it had elected to do so, could have obtained the written statement from Gunter in the beginning of its investigation instead of after interviewing the officers and other witnesses.

The facts in the Butler case, supra, were very similar to the facts in the present case. In that case it was admitted that the notice provision was a condition precedent to petitioner's right to recover. A jury issue was submitted and answered favorably to the claimant. The court, in passing on the identical question we have in the instant case, said:

"The requirement of 'immediate notice of any accident' obviously was made primarily for the benefit of the insurer, and plainly the insurer had, at the time the report of January 15, 1925, was made, a superior position from which to judge of the reasonableness or not of the period intervening the accident and making of the report—this is emphasized by the fact of previous knowledge of the accident and investigations made. If reasonable minds could not operate a dispute on the matter of reasonableness and if giving of 'immediate written notice' was a con-

dition precedent to liability, the insurer knew that situation when it received the report of January 15, 1925. In that view, it was the right, if not the duty, of the insurer to assert non-liability in unmistakable terms. That, however, was not done. The course adopted and pursued is marked with equivocation. * * * Because of the nature of the stipulation and the position of the insurer to judge the situation then presented, we hold that its failure promptly to deny liability and its conduct thereafter make up some proof that giving of 'written notice' (considered as given first on January 15, 1925) was not unreasonably delayed. Manifestly, the insurer doubted existence of an unreasonable delay; and since it doubted, a jury may not be precluded from entertaining a like doubt.

\* \* \*

"The situation thus projected lacks warrant for a ruling that unreasonable delay appears as a matter of law, and in consequence the first assignment must be overruled."

Respondent's every act until March 26, 1951 indicates that it did not consider there had been an unreasonable delay in giving written notice, otherwise, it would have notified Gunter immediately after receiving his report.

I pass to provision No. 2, which required the insured to "immediately forward to the company" any process received by him in connection with a suit brought against him. The evidence as a matter of law shows that the insured complied with this provision of the policy. The first suit was filed June 3, 1950. The insured within 20 days notified the insurer of this suit by telephone. Johnson had instructed Gunter to so notify. On March 9, 1951, plaintiffs filed a motion for nonsuit of the first cause filed June 3, 1950. The motion was granted on March 12, 1951, and the cause was dismissed without prejudice. At some time prior to the dismissal, respondent filed pleading in the suit.

In answer to request for admissions in the present suit, respondent admitted as true:

(1) That on or about March 14, 1951 the second suit was filed;

(2) That Charles Gunter was served with citation on March 17, 1951;

(3) That between the dates of March 17, 1951 and March

30, 1951 Charles Gunter by registered mail forwarded citation to it;

(4) That on March 26, 1951 respondent returned the citation to Gunter.

In a letter of that same date respondent for the first time advised Gunter that he had failed to comply with the provision of the policy as to notice. Respondent was accorded full opportunity to defend the suit in which judgment was taken against Charles Gunter. Respondent failed to defend the suit through no fault of Gunter. Under the evidence in this case Gunter complied with provisions Nos. 1, 2 and 3, and the respondent is not in a position to assert a noncompliance merely because Gunter failed to forward the citation in the suit which was dismissed. Southern Surety Co. v. Puryear-Meyer Grocer Co., 151 Ark. 480, 236 S.W. 841; Century Lloyds v. Barnett, Texas Civ. App., 259 S.W. 2d 768, writ refused. As said in the case of Southern Surety Co. v. Puryear-Meyer Grocer Co., supra:

"The defense relied on in the present action is that appellee failed to notify appellant of the first suit instituted by Scott and failed to forward a copy of the summons * * *.

\* \* \*

"The failure of appellee to notify appellant prior to the first judgment entered in the common pleas court affords no defense to the present action, for that judgment was abandoned. The purpose of the stipulation in the policy was to afford the company an opportunity to control the litigation and interpose a defense against the claim on the merits of the case."

The question raised by petitioners that respondent was estopped to assert as a defense Gunter's failure to forward the citation issued in connection with the first suit becomes immaterial. Petitioner is still entitled to recover for the reason that the evidence shows, as a matter of law, that Gunter complied with provision No. 2 of the policy. The issue of estoppel was submitted to the jury and answered favorably to the petitioners. The majority affirms the action of the trial court in setting aside the answer on the ground of no evidence to support such finding. The trial court was not required to submit an issue on the admitted and undisputed fact that Gunter immediately forwarded to respondent the papers in the second suit.

Petitioners have not failed to preserve the point that, as a matter of law, they fully complied with the provisions of the policy with reference to forwarding the citation, summons, etc. in cause No. 1060. This matter was presented in the pleadings, the evidence, the motion for new trial, the appellant's brief in the Court of Civil Appeals, the amended motion for rehearing in that Court and in petitioner's application for writ of error.

The court's charge was submitted to the jury without objection. It contained the following Special Issue No. 5: "Do you find from a preponderance of the evidence that Gunter cooperated with Century Lloyds as requested?" That issue was answered in the affirmative. Respondent admits that petitioners did forward the citation immediately. It has never contended otherwise. Certainly, the above issue, submitted without objection, is broad enough to include the question of whether or not the citation in the second suit was forwarded promptly. The petitioners filed a motion for judgment based on the verdict of the jury. This motion was overruled. The respondent's motion to disregard the answers of the jury to all issues and enter judgment in its favor was granted.

The petitioners filed a motion for new trial alleging, among others, the following reasons why a new trial should be granted:

"(8) The trial court erred in disregarding the jury finding to Special Issue No. 5, as submitted, because of insufficient evidence to show that Gunter did cooperate with defendant."

"(13) The trial court erred in overruling plaintiff's motion for judgment on the jury verdict."

Petitioners presented eight points in their brief in the Court of Civil Appeals. Point 3 reads as follows: "The trial court erred in disregarding the jury finding that Charles Gunter did cooperate with defendant, there being sufficient evidence to support such finding." I quote a portion of the statement under Point 3: "Plaintiffs plead no harm or prejudice resulted in Gunter's failure to forward suit papers in Cause No. 1012, but that suit papers were immediately forwarded in the suit upon which this judgment is based with full opportunity on part of defendant to appear and answer; * * * That plaintiff made substantial compliance with all terms of the policy and no harm or prejudice resulted to defendant in any manner." Respondent made no contention in the Court of Civil Appeals that this point was insufficient to present the question.

Under "Argument and Authorities" the petitioners said: "(a) Gunter gave written notice of the accident within a 'reasonable period of time'; (b) Gunter did cooperate with defendant within the terms and meaning of the policy; * * * That regardless of the correctness of the court's action in disregarding the findings of the jury with respect to estoppel as submitted, plaintiffs are, nevertheless, entitled to a judgment insofar as his failure to forward the citation in Cause No. 1012 is concerned because such failure in the first suit was inconsequential in view of the undisputed evidence that no harm or prejudice resulted thereby to defendant, but that all the evidence shows that defendant was furnished ample time and opportunity to present a defense in Cause No. 1060 in which judgment was entered."

The brief cites authorities in support of this contention, including Century Lloyds v. Barnett, and Southern Surety Co. v. Puryear-Meyer Grocer Co., supra, followed by additional argument at pages 27 and 29 of Appellants' Brief. The Brief closed the argument with the following "And, in view of the jury's finding to Issue No. 5, that Gunter did cooperate, there being sufficient evidence in the record to support same, the court erred in disregarding said jury finding of cooperation and in refusing to enter judgment thereon."

The petitioners filed a motion for rehearing and an amended motion for rehearing. The motion contained the following:

"3. The Court of Civil Appeals erred in overruling appellant's point (3) reading: 'The trial court erred in disregarding the jury finding that Charles Gunter did cooperate with defendant, there being sufficient evidence to support such finding.'

"(13) The Court of Civil Appeals erred in holding there was no evidence as a matter of law to support the jury's finding of cooperation on the part of Gunter as found by it in response to Special Issue No. (5)."

Petitioners' motion for rehearing was overruled, whereupon application for writ of error was timely filed in this Court.

The third point in the application reads: (Germane to Point (3) in First Amended Motion for Rehearing) "The Court of Civil Appeals erred in overruling appellant's Point (3) reading: (then follows the third point quoted above).

The petitioners presented an argument under both Points

2 and 3 on this question, and also presented authorities thereon. The respondent raised no objection to the form and manner this question was presented in the trial court, the Court of Civil Appeals or this Court. Under the record in this case, the trial court should have rendered judgment in favor of petitioners on the admitted and uncontradicted evidence as to provision No. 2 of the policy and on the jury verdict in answer to Special Issues Nos. 4 and 5.

For the reasons stated, the judgments of both courts below should be reversed and judgment rendered for the petitioners.

Opinion delivered January 12, 1955.

MR. JUSTICE WILSON concurring in the result.

I agree with the result of the majority, but concur with the dissent that the failure to furnish the citation in the first suit should not bar recovery if properly raised. However, I do not believe that an assignment of failure of co-operation brings forward the error below in holding that the claimant failed to forward the citation since these are listed separately in the policy.

Opinion delivered January 12, 1955.

Rehearing overruled February 23, 1955.

MR. JUSTICE CULVER, dissenting, on rehearing.

I concur with the dissent in this case and am therefore of the opinion that the motion for rehearing should be granted.

The Company received notice of this accident within two or three days after its occurrence from other sources. I think then that the finding of the jury, to the effect that the written notice given by the insured approximately thirty days thereafter, was within a reasonable time, is not wholly unsupported by the evidence.

The purpose of the provision in the policy that written notice should be given by or on behalf of the insured as soon as practicable, is obviously for the sole purpose of enabling the Company to proceed with a timely investigation and this the Company did.

In New Amsterdam Casualty Company v. Hamblen, 144

Texas 306, 190 S.W. 2d 56, cited by the majority, the facts differed materially from others in our case. The accident occurred on February 13th. Suit was filed on August 4th. The Company had no notice either of the claim or of the suit until the receipt of a letter from the assured on March 8th of the following year, some seven months after the filing of the suit. I do not think, therefore, it is necessarily decisive of the case here.

Opinion delivered February 23, 1955.