**A. E. EDWARDS, Appellant,**

v.

**RANGER INSURANCE COMPANY, Appellee.**

**No. 17125.**

Court of Civil Appeals of Texas, Fort Worth.

June 19, 1970.

Rehearing Denied July 10, 1970.

**420**

## OPINION

MASSEY, Chief Justice.

The appeal is by a policyholder, plaintiff A. E. Edwards, from a take nothing judgment in a case founded on his insurance contract, against the defendant company, Ranger Insurance Company.

One premise upon which the trial court, sitting as the fact finder, founded the judgment appealed from was the failure of the plaintiff to file proof of loss within the sixty-day period required by the policy of insurance.

We do not choose to predicate our action of affirmance thereupon because there is no Finding of Fact that the sixty-day period stipulated by the policy was reasonable as applied to the case. Vernon's Ann.Tex. Civ.St., Art. 5546, *"Notice of claims for damages"*, provides, "No stipulation in a contract requiring notice to be given of a claim for damages as a condition precedent to the right to sue thereon shall ever be valid unless such stipulation is reasonable." It is noticed that nowhere in the plaintiff's request for additional Findings of Fact, which request was refused by the trial court, was there any request for a fact finding that such policy provision was either reasonable or unreasonable, so it may be that a finding of its reasonableness would be implied. We forego any discussion because we have no doubt of the propriety of affirmance of the judgment on the ground hereinafter discussed.

Article 5546, V.A.T.S., is without application to a policy provision requiring Notice of Occurrence out of which the loss arose to be given by or in behalf of the plaintiff, as policyholder, to the insurance company "as soon as practicable". See cases annotated under the statute, Nos. 2, 5, 6, 7 and 13. See also the discussion in Allen v. Western Alliance Insurance Co., 162 Tex. 572, 349 S.W.2d 590, 594 (Tex.Sup., 1961). Therefore the decisions made relative to fulfillment of like provisions in the

Mullinax, Wells, Mauzy & Collins, and John E. Collins, Dallas, for appellant.

Brown, Crowley, Simon & Peebles, and Paul Peebles, Fort Worth, for appellee.

many cases upon liability insurance cases have complete application to the same question in the instant case.

A leading case upon the question of timely notice is Klein v. Century Lloyds, 154 Tex. 160, 275 S.W.2d 95 (1955). This court has also had occasion to make holdings upon the question. National Surety Corporation v. Diggs, 272 S.W.2d 604 (Fort Worth Tex.Civ.App., 1954, writ ref., n. r. e.); National Union Fire Insurance Company v. Bourn, 441 S.W.2d 592 (Fort Worth Tex.Civ.App., 1969, writ ref., n. r. e.), and other cases.

■ Here there was admittedly a delay of forty-six days between the date of the accident or occurrence out of which plaintiff's loss arose, and the date the insurance company or any of its agents had any notice or knowledge of same. All this time the plaintiff was aware of the occurrence and knew that he had sustained some monetary damages as result of the "ground looping" of the aircraft upon which the policy of insurance had been written. Plaintiff's excuse for delay in giving notice was his opinion that the cost of repairing such damage would not exceed the $250.00 "deductible provision" of the policy contract. He continued in such opinion until it was convenient to visit maintenance men of his preference in Oklahoma, from whom he learned the true extent of his loss. He could have readily determined the amount of his loss at an earlier time from maintenance men in the vicinity of the accident.

■■ We held in National Surety Corporation v. Diggs (272 S.W.2d 604) that in a situation analogous to that presently presented a policyholder who fails to give notice of the accident has the full duty of investigating it, and if, in the light of a full investigation, information is not obtained precluding every reasonable hypothesis that there was injury or damage (as to which the policy had application) resulting therefrom, he will not be relieved of compliance with the provisions of the policy relating to prompt notification. Klein v. Century

Lloyds, by the Supreme Court (154 Tex. 160, 275 S.W.2d 95), held that though timeliness of notice is ordinarily a question of fact it is, nevertheless, a question of law for the court where facts are undisputed.

In the present instance the trial court held, both as a matter of fact and as a matter of law, that plaintiff failed to give the notice required by the policy of insurance as soon as practicable after the loss or damage occurred. It was correct in both respects.

Judgment is affirmed.