# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 12-20437
Summary Calendar

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 17, 2013

Lyle W. Cayce
Clerk

JAMESTOWN INSURANCE COMPANY, RRG,

Plaintiff-Appellee,

versus

WENDELL REEDER,
Doing Business as Clarksville Oil & Gas Company, Limited,

Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of Texas
No. 4:11-CV-1112

Before SMITH, PRADO, and HIGGINSON, Circuit Judges.

JERRY E. SMITH, Circuit Judge:[*]

Wendell Reeder appeals a summary judgment that Jamestown Insurance

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 12-20437

Company, RRG ("Jamestown"), has no duty to defend or indemnify him in two underlying state-court lawsuits. We affirm.

I.

Reeder purchased, from Jamestown, commercial general liability policies that covered an "occurrence"—that is, "accident"—causing bodily injury, personal and advertising injury, or property damage. In November 2010, Reeder tendered to his insurance agent filings from two Texas state-court proceedings and stated his intention to "fil[e] a claim against my liability insurance policy covering these lawsuits." Seeking to establish that it had no duty to defend or indemnify, Jamestown filed this declaratory-judgment action pursuant to 28 U.S.C. § 2201. The district court granted summary judgment to Jamestown.

A.

In 2004, Reeder sued an array of business partners in Wood County, Texas, state court (the "Wood County suit"). In March 2006, the Wood County defendants filed the first of numerous counterclaims against Reeder alleging a variety of causes of action. In the trial that followed, Reeder took nothing but was found liable to several of the Wood County defendants; the trial court entered its amended final judgment in March 2008. Reeder appealed unsuccessfully to the Texas Court of Appeals,[1] but the Texas Supreme Court granted review and reversed, rendering a take-nothing judgment in Reeder's favor.[2]

B.

While the Wood County litigation was wending its way through the state

---

[1] *See Reeder v. Wood Cnty. Energy L.L.C.*, 320 S.W.3d 433 (Tex. App.—Tyler 2010).

[2] *Reeder v. Wood Cnty. Energy, LLC*, No. 10-0887, 2012 WL 3800231 (Tex. Aug. 31, 2012), *reh'g pending*.

2

No. 12-20437

courts, some Reeder-affiliated entities sued several of the Wood County defendants in Red River County, Texas (the "Red River County suit.") The Red River County defendants filed a counter-petition that included a third-party claim against Reeder for fraudulently transferring property to avoid paying the Wood County judgment. The record contains no evidence concerning subsequent proceedings or establishing the current status of the Red River County suit.

## II.

> We review a summary judgment *de novo*, 'using the same standard as that employed by the district court under Rule 56.' *Kerstetter v. Pac. Scientific Co.*, 210 F.3d 431, 435 (5th Cir. 2000). Summary judgment is appropriate 'if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a).

*Newman v. Guedry*, 2012 U.S. App. LEXIS 26205 (5th Cir. Dec. 21, 2012). Because federal jurisdiction is based on diversity of citizenship, we look to the substantive law of the forum state, Texas.[3]

## III.

The district court found that Jamestown had no duty to defend or indemnify Reeder in Wood County, because "none of the counterclaims [by the Wood County defendants] fall within the definition of occurrence or raise any claim arising from property damage."[4] We affirm on the alternate ground, proffered by Jamestown in a separate motion for summary judgment, that Reeder's mate-

---

[3] *See Erie R.R. Co. v. Tompkins*, 304 U.S. 64,78 (1938); *Tex. Indus., Inc. v. Factory Mut. Ins. Co.*, 486 F.3d 844, 846 (5th Cir. 2007).

[4] The district court limited its conclusion to "property damage," because Reeder did not argue in the district court, nor does he contend here, that any of the counterclaims arose from "bodily injury" or "personal and advertising injury."

No. 12-20437

rial breach of the policy's notice provision extinguished any duty to defend.[5] Additionally, we have no need to reach the merits of whether Jamestown has a duty to indemnify Reeder in the Wood County suit, because intervening events have rendered the issue moot.

A.

Reeder's insurance policy required him to notify Jamestown "as soon as practicable of any 'occurrence' . . . which may result in a claim" and to "[i]mmediately" send Jamestown "any . . . legal papers received in connection with the claim or 'suit'. . . ." Reeder did not tender notice to Jamestown until fifty-six months after the Wood County defendants had filed their first counterclaim and more than thirty-one months after the trial court had entered final judgment against Reeder.[6] That delay was a breach of the notice provision as a matter of law. *See Klein v. Century Lloyds*, 275 S.W.2d 95, 97 (Tex. 1955). Jamestown, however, is excused from performance of its duty to defend only if it was "actually prejudiced" by Reeder's delayed notice.[7]

In Texas, "[t]he failure to notify an insurer of a default judgment against its insured until after the judgment has become final and nonappealable

---

[5] "[I]t is an elementary proposition, and the supporting cases too numerous to cite, that this court may affirm the district court's judgment on any grounds supported by the record." *Palmer v. Waxahachie Indep. Sch. Dist.*, 579 F.3d 502, 506 (5th Cir. 2009) (internal citation omitted).

[6] Although Reeder claims to have provided oral notice to his local insurance agency before the November 2010 tender, in Texas oral notice does not satisfy a contractual provision requiring written notice. *See Sparks v. Aetna Life & Cas. Co.*, 554 S.W.2d 228, 230 (Tex. Civ. App.—Dallas, 1977, no writ). Moreover, even assuming *arguendo* that oral notice is sufficient, there is no evidence that Reeder provided *any* notice "as soon as practicable" or "immediately." *See Klein v. Century Lloyds*, 275 S.W.2d 95, 97 (Tex. 1955) (holding that, as a matter of law, a thirty-two-day delay in notice was not "as soon as practicable").

[7] *Hanson Prod. Co. v. Ams. Ins. Co.*, 108 F.3d 627, 630 (5th Cir. 1997) (citing *Hernandez v. Gulf Grp. Lloyds*, 875 S.W.2d 691, 692 (Tex. 1994)).

No. 12-20437

prejudices the insurer as a matter of law."[8]  The Texas Supreme Court has not directly addressed the question whether an insured's failure to notify an insurer of an *appealable* final judgment is similarly prejudicial.  Making an *Erie* guess,[9] we conclude that Reeder's delay prejudiced Jamestown.

"[I]f [Jamestown] had received notice" while the Wood County suit was pending in the trial court, "it could have undertaken [Reeder]'s defense and minimized its insured's liability."[10]  Reeder ultimately minimized his liability by successfully obtaining a reversal in the Texas Supreme Court.  One of the purposes of a notice provision, however, is to allow an insurer "to form an intelligent estimate of its rights and liabilities *before* it is obliged to pay."  13 COUCH ON INS. § 186:22 (2003) (emphasis added).  Reeder's choice to litigate the Wood County matter unilaterally for more than four years before notifying Jamestown prevented it from making such an estimate, from helping Reeder prevail in the trial court, or from exercising its option to settle with the Wood County defendants —perhaps for less than the cost of Reeder's attorney's fees.  Because Reeder's delayed tender thwarted the recognized purposes of the notice provisions, *see Harwell*, 896 S.W.2d at 174, Jamestown was actually prejudiced and had no duty to defend Reeder in Wood County.

## B.

The district court also concluded that Jamestown has no duty to indemnify in Wood County.  During the pendency of this appeal, the Texas Supreme Court rendered its take-nothing judgment in Reeder's favor.  *See Reeder*, 2012 WL

---

[8] *Harwell v. State Farm Mut. Auto Ins. Co.*, 896 S.W.2d 170, 174 (Tex. 1995) (citing *Liberty Mut. Ins. Co. v. Cruz*, 883 S.W.2d 164, 165 (Tex. 1993)).

[9] *See Keen v. Miller Envtl. Grp., Inc.*, 2012 U.S. App. LEXIS 25218, at *5-6 (5th Cir. Dec. 10, 2012).

[10] *Id.*

No. 12-20437

3800231, at *8.  Reeder urges us to abstain from declaring rights and obligations until all underlying state-court litigation is at an end.  Bearing in mind the purposes of the Declaratory Judgment Act, however, we conclude that the decision of the Texas Supreme Court is sufficiently final so as to render the indemnity issue moot, because "there is nothing . . . to indemnify."[11]

## IV.

The district court held that Jamestown had no duty to defend or indemnify Reeder in the Red River County suit.  We agree.

## A.

In determining whether there is a duty to defend, Texas courts follow the so-called "eight-corners rule," under which "an insurer's duty to defend is determined solely by the facts alleged in the [underlying] petition and the terms of the policy."  *Colony Ins. Co. v. Peachtree Constr., Ltd.*, 647 F.3d 248, 253 (5th Cir. 2011).  Although the pleadings are to be construed liberally in favor of coverage,[12] "the duty to defend arises only when the facts alleged in the [underlying suit], if taken as true, would *potentially* state a cause of action falling within the terms of the policy."  *Northfield Ins. Co. v. Loving Home Care, Inc.*, 363 F.3d 523, 528 (5th Cir. 2004).

The policy insured Reeder against an "occurrence," that is, an "accident."  The defendants in the Red River County suit accused Reeder only of *intentionally* initiating a fraudulent transfer of property to remove it from the reach the Wood County creditors.  The district court concluded that those facts constitute

---

[11] *PPI Tech. Servs. v. Liberty Mut. Ins. Co.*, No. 12-40189, 2012 WL 5950943, at *9 (5th Cir. Nov. 29, 2012); *see also Royal Ins. Co. of Am. v. Quinn-L Capital Corp.*, 960 F.2d 1286, 1289 (5th Cir. 1992).

[12] *See Cont'l Cas. Co. v. Consol. Graphics, Inc.*, 646 F.3d 210, 212-13 (5th Cir. 2011).

allegations of an "intentional act that cannot qualify as an occurrence," and Reeder does not contend otherwise. Therefore, we affirm the district court's holding that Jamestown has no duty to defend in the Red River County suit.

## B.

Reeder's chief complaint on appeal is that the district court erred by conflating the duties to defend and indemnify, which are "distinct and separate" under Texas law. *D.R. Horton-Tex., Ltd. v. Markel Int'l Ins. Co.*, 300 S.W.3d 740, 743 (Tex. 2009) (internal citations omitted). Whereas the duty to defend depends only on the "factual allegations the pleadings and the terms of the policy," the duty to indemnity "depends on the facts proven." *Id.* at 744. Therefore, the absence of a duty to indemnify does not *necessarily* follow from the absence of a duty to defend: "[I]t *may* be necessary to defer resolution of indemnity issues until after the underlying third-party litigation is resolved because coverage *may* turn on facts actually proven in the underlying lawsuit." *Id.* at 745 (citing *Farmers Tex. Cnty. Mut. Ins. Co. v. Griffin*, 955 S.W.2d. 81, 84 (Tex. 1997) (emphasis added)).

Where, however, *no* facts developed in an underlying suit can transform intentional conduct into an accident, "the same reasons that negate the duty to defend likewise negate any possibility the insurer will ever have a duty to indemnify." *Id.* (quoting *Griffin*, 955 S.W.2d at 84). Because the Red River counter-plaintiffs allege *only* intentional conduct, no subsequent factual development can transform a fraudulent transfer into an "occurrence." *See id.* (clarifying *Griffin*). Therefore, a declaratory judgment that Jamestown has no duty to indemnify Reeder in the Red River County suit is appropriate.

AFFIRMED.