

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-22-00247-CV

———————————————

DONALD WAYNE STEVENS, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 97th District Court
Archer County, Texas
Trial Court No. 2021-0149A-CV

Before Bassel, Womack, and Walker, JJ.
Opinion by Justice Walker

## OPINION

In this quo warranto proceeding, Appellant Donald Wayne Stevens appeals from the trial court's judgment ousting him from the office of constable in Archer County, Texas. In a single issue, Stevens argues that the trial court's judgment was based on an erroneous conclusion of law related to whether he provided evidence of a permanent peace officer license to the commissioners court as required by subsection 86.0021(b) of the Texas Local Government Code. *See* Tex. Loc. Gov't Code Ann. § 86.0021(b). We will reverse and render in Stevens's favor.

## I. CONSTABLE QUALIFICATIONS AND REMOVAL

Section 86.0021 of the Texas Local Government Code outlines the eligibility requirements for holding the office of constable. *Id.* Among other possible qualifiers, a person is eligible to serve as constable if he is "an active or inactive licensed peace officer." *Id.* § 86.0021(a)(1)–(2). Further, "[o]n or before the 270th day after the date a constable takes office, the constable shall provide, to the commissioners court of the county in which the constable serves, evidence that the constable has been issued a permanent peace officer license under Chapter 1701, Occupations Code." *Id.* § 86.0021(b). A constable who fails to provide such evidence forfeits his office and is subject to removal in a quo warranto proceeding. *Id.*

2

## II. BACKGROUND

### A. FACTUAL BACKGROUND

The material facts in this case are undisputed. Stevens was elected as constable in Archer County, Texas, and took office on January 1, 2021. He had previously served as a constable in Archer County from 2005–2008. When he took office in January 2021, Stevens held a permanent peace officer license that was originally issued to him in 2002 by the Texas Commission on Law Enforcement (TCOLE). However, his license had been on inactive status since 2013 because he had not satisfied TCOLE's continuing education requirements.[1]

On February 8, 2021, Stevens provided two TCOLE documents to the Archer County Judge: a completed Appointment Application Form L-1 (L-1) and a copy of his then-current Personal Status Report (PSR).[2] The L-1 was an application that

---

[1] A TCOLE official testified that a permanent peace officer license includes both active and inactive licenses. The parties stipulated before trial that Stevens maintained an inactive permanent peace officer license from January 1, 2021, until it became active on November 15, 2021. The State concedes on appeal that Stevens has, at all relevant times, held a permanent peace officer license.

[2] At trial, Stevens testified that he provided both of these documents to the county judge at the same time on February 8, 2021. The county judge testified that he only remembered receiving the L-1 but did not dispute that Stevens also gave him a copy of his PSR. Further, in the statement of facts of his appellant's brief, Stevens again states, with supporting record references, that he provided a copy of his PSR to the county judge on February 8, 2021—a fact that the State does not contradict in its appellee's brief. For these reasons, we will accept this fact as true. *See* Tex. R. App. P. 38.1(g) (providing that appellate courts in civil cases "will accept as true the facts stated [in an appellant's brief] unless another party contradicts them"); *see also State v. City of Double Horn*, No. 03-19-00304-CV, 2019 WL 5582237, at *3 (Tex. App.—

3

TCOLE required from Stevens upon his election to office.[3] On it, Stevens had written his TCOLE license number and other identifying information and had also acknowledged that he was a license holder with a more than 180-day break in service. The county judge signed the L-1, certifying that he was the chief administrative officer of Archer County and that the county "ha[d] on file and readily accessible to [TCOLE] the appropriate documents to show that [Stevens] meets the minimum standards for licensing and/or appointment." The PSR listed all of Stevens's peace officer service records, including the date that he originally obtained his peace officer license, the date that he entered into inactive status, and the dates during which he had served as constable. It also showed all of the peace officer positions that Stevens had held over the years, including a stint as an officer with the Archer County Sheriff's Department in 2002.

Stevens and the county judge also had multiple conversations regarding the qualification requirements for the office of constable. The county judge was aware that Stevens had been licensed in the past as a peace officer and also that Stevens's license was inactive when he took office in January 2021. Additionally, Stevens spoke with the Archer County sheriff and county attorney about the fact that his permanent

Austin Oct. 30, 2019, pet. denied) ("A quo warranto suit is a civil proceeding governed by the rules applicable to all civil actions.").

[3]According to Stevens, TCOLE informed him that he needed to have the county judge sign the L-1 for "notification" purposes "because it had [Stevens's] licensing on it."

4

license was inactive and his plans to reactivate it. And the county attorney had been in contact with TCOLE and the Texas Attorney General's office regarding the matter.

In Archer County, an item can typically be placed on the commissioners court agenda by presenting that item to the county judge, another member of the commissioners court, the county clerk, or the county treasurer.[4] Stevens did not present the L-1 or PSR to any other county official, and he never attended a meeting of the commissioners court. He also never specifically requested the county judge— or any other county official—to present the documents at a commissioners court meeting.

Between October 2020 and November 2021, Stevens took steps to reactivate his license with TCOLE, which included completing the requisite continuing education courses and taking a reactivation exam. After delays brought on by the COVID-19 pandemic and Stevens's failing the exam on his first attempt, his license was eventually placed back into active status on November 15, 2021. Stevens immediately contacted the county judge and county attorney to inform them that his license had been reactivated.

---

[4]For example, after taking office Stevens gave the county treasurer a copy of a certificate showing that he had recently completed a TCOLE newly-elected constable's course. This certificate was then given to the county clerk, who included it in a packet with other documents to be considered at the next commissioners court meeting.

## B. PROCEDURAL BACKGROUND

On December 13, 2021, the State filed a suit in quo warranto seeking to remove Stevens from office for noncompliance with Local Government Code Subsection 86.0021(b). The State alleged that Stevens did not have a permanent license by September 29, 2021[5]—the 271st day after he took office—and that he had failed to provide evidence of permanent peace officer licensing to the commissioners court by that date.

After a bench trial, the trial court entered a judgment ousting Stevens from office. In its findings of fact, the trial court found that Stevens "did not maintain an active permanent peace officer license before September 29, 2021" and "did not provide evidence of an active permanent peace officer license to the Archer County Commissioners Court before September 29, 2021." The trial court also made the following conclusions of law:

- "Local Government Code § 86.0021 requires a constable to maintain an active permanent peace officer license within 270 days of being sworn into office."

- "Local Government Code § 86.0021 places the responsibility on a constable to provide evidence of an active permanent peace officer license to the commissioners court within 270 days of being sworn into office."

- "Because [Stevens] failed to maintain an active permanent peace officer license within 270 days of being sworn into office, [Stevens] has forfeited his office."

---

[5]The State has since abandoned this argument and, as noted above, concedes that Stevens has held a permanent license since 2002.

- "Because [Stevens] failed to provide evidence of an active permanent peace officer license to the Archer County Commissioners Court within 270 days of being sworn into office, [Stevens] forfeited his office."

## III.  DISCUSSION

Stevens contends on appeal that the trial court reversibly erred by concluding that subsection 86.0021(b) requires a constable to maintain an *active* permanent peace officer license and that Stevens forfeited his office by failing to show evidence of an *active* permanent license to the commissioners court within the 270-day window. Stevens requests that we render judgment in his favor, arguing that, because the material facts are undisputed, the only questions left for the resolution of the case require de novo review.  The State responds that the trial court judgment should be upheld because Stevens failed to provide evidence of *any* licensing directly to the commissioners court as required under subsection 86.0021(b).  We agree with Stevens.

### A.  THE CONCLUSIONS OF LAW WERE ERRONEOUS AND LED TO IMPROPER JUDGMENT

### 1.  Standard of Review and Relevant Law

We review a trial court's conclusions of law de novo.  *BMC Software Belgium, N.V. v. Marchand*, 83 S.W.3d 789, 794 (Tex. 2002); *Wise Elec. Coop., Inc. v. Am. Hat Co.*, 476 S.W.3d 671, 679 (Tex. App.—Fort Worth 2015, no pet.).  A conclusion of law will be reversed if it is erroneous as a matter of law and led to the rendition of an improper judgment.  *Marchand*, 83 S.W.3d at 794; *Wise Elec.*, 476 S.W.3d at 679; *In re*

7

*J.J.L.-P.*, 256 S.W.3d 363, 376 (Tex. App.—San Antonio 2008, no pet.); *see* Tex. R. App. P. 44.1(a) (providing that no error in a civil case may be reversed on appeal unless the error "probably caused the rendition of an improper judgment").

## 2. Analysis

The trial court's conclusion of law that subsection 86.0021(b) "requires a constable to maintain an active permanent peace officer license within 270 days of being sworn into office" is erroneous as a matter of law. Subsection 86.0021(b) does not require a constable to maintain an *active* license within the 270-day window, only a permanent license. The evidence established—and the parties agree—that a permanent license includes both active and inactive licenses. This distinction is important under the facts of this case where it was undisputed that Stevens maintained an *inactive* but permanent license at all relevant times.

All of the trial court's conclusions flow from its mistaken recitation of the law. The judgment—proceeding under this erroneous recitation—concludes that Stevens forfeited his office because he did not "provide evidence of an active permanent peace officer license to the Archer County Commissioners Court within 270 days of being sworn into office . . . ." In short, the trial court imposed upon Stevens a statutory duty that did not exist. Thus, we hold that the erroneous conclusions of law are reversible because they "probably caused the rendition of an improper judgment." *See* Tex. R. App. P. 44.1(a).

## B. STEVENS SUBSTANTIALLY COMPLIED WITH § 86.0021; RENDITION IS THE PROPER REMEDY

Having held that the trial court reversibly erred, we must now determine the appropriate remedy. Because the material facts are undisputed in this case, we will review de novo whether Stevens provided evidence of a permanent peace officer license to the commissioners court within 270 days of taking office as required by subsection 86.0021(b), and then render judgment accordingly. *See* Tex. Loc. Gov't Code Ann. § 86.0021(b).

### 1. Standard of Review and Relevant Law

Appellate courts review legal determinations de novo and "[w]hat might otherwise be a question of fact becomes one of law when the fact is not in dispute or is conclusively established." *Reliance Nat. Indem. Co. v. Advance'd Temporaries, Inc.*, 227 S.W.3d 46, 50 (Tex. 2007); *Bianchi v. State*, 444 S.W.3d 231, 246 (Tex. App.—Corpus Christi–Edinburg 2014, no pet.); *see City of San Antonio v. Tenorio*, 543 S.W.3d 772, 776 (Tex. 2018) ("Whether a governmental unit has actual notice is a fact question when the evidence is disputed, but it is a question of law when the evidence is undisputed."); *cf. G.T. Leach Builders, LLC v. Sapphire V.P., LP*, 458 S.W.3d 502, 511 (Tex. 2015) (holding that, when the relevant facts are undisputed, whether a party waived its right to arbitrate is a question of law for reviewing court to decide); *Meyer v. Cathey*, 167 S.W.3d 327, 330 (Tex. 2005) ("Where the underlying facts are undisputed, determination of the existence, and breach, of fiduciary duties are questions of law,

exclusively within the province of the court.") (internal quotations omitted); *Klein v. Century Lloyds*, 154 Tex. 160, 163, 275 S.W.2d 95, 97 (1955) ("While the question of whether notice was given 'as soon as practicable' is ordinarily a question of fact, if, as in this case, the facts are undisputed, the question then becomes a question of law for determination by the court."). Ordinarily, when a trial court judgment is reversed after a bench trial solely on a question of law, appellate courts are to render the judgment that the trial court should have rendered. *Leteff v. Roberts*, 555 S.W.3d 133, 139 (Tex. App.—Houston [1st Dist.] 2018, no pet.); *see* Tex. R. App. P. 43.3 ("When reversing a trial court's judgment, the court must render the judgment that the trial court should have rendered" unless remand is necessary for further proceedings or required in the interests of justice); *Bianchi*, 444 S.W.3d at 250 (reversing and rendering in a quo warranto proceeding where the undisputed facts established that a county attorney was not guilty of unlawfully holding his office).

A person may be said to have substantially complied with certain statutory requirements if they fulfill the ultimate purpose of the statute. *See Sorrell v. Estate of Carlton*, 593 S.W.3d 167, 173 (Tex. 2017) (holding that "substantial compliance is insufficient to satisfy a statutory deadline, [but] it may be sufficient to comply with other statutory requirements"); *Roccaforte v. Jefferson Cnty.*, 341 S.W.3d 919, 926 (Tex. 2011) (holding that substantial compliance with notice requirement was sufficient because "[t]he statute was not intended to create a procedural trap" when it is undisputed that the appropriate officials have notice); *see also Washington v. Related*

*Arbor Court, LLC*, 357 S.W.3d 676, 681 (Tex. App.—Houston [14th Dist] 2011, no pet.) (collecting cases to show that "a wide range of Texas cases hold[] that statutory notice requirements may be satisfied by a method of service other than the prescribed statutory method when" the intended recipient acknowledges receipt and has actual knowledge of the necessary information); *S. Sur. Co. v. McGuire*, 275 S.W. 845, 847 (Tex. App.—El Paso 1925, writ ref'd) (holding that oral presentment of a claim to the commissioners court rather than written presentment as required by then-operative notice statute was sufficient because the purpose of the statute was not to "impose any technical nicety in the manner of the claims presented" but rather to advise the court of claims against the county); *cf. Warner Bros. Entertainment, Inc. v. Jones*, 611 S.W.3d 1, 13 (Tex. 2020) (holding that Defamation Mitigation Act requirement that plaintiffs request in writing a correction to the offending publication before filing a defamation suit was fulfilled, among other reasons, because the plaintiff had complied with the Act's "expressly stated purpose").

## 2. Analysis

In *Roccaforte*, the Texas Supreme Court was tasked with deciding whether a person had met the notice requirements of Texas Local Government Code Section 89.0041, which requires plaintiffs suing a county to provide written notice of their claim to the county judge and county attorney by certified or registered mail or risk having their suit dismissed. *Roccaforte*, 341 S.W.3d at 926. There, the plaintiff did not mail a written notice but instead served the county judge and county attorney with

11

personal service of process. *Id.* at 920. The court held that this notice substantially complied with Section 89.0041, a non-jurisdictional statute, because it fulfilled the purpose of the statute—to ensure that the proper county officials were made aware of the pending suit so as to properly answer and defend against it. *Id.* at 926–27.

We believe that *Roccaforte's* reasoning applies well to this case where the statute at issue is likewise not jurisdictional—in fact it does not relate at all to pre- or post-suit notice—and places only an ill-defined and broad duty upon constables to "provide . . . evidence" to the commissioners court. *See* Tex. Loc. Gov't Code Ann. § 86.0021(b). Subsection 86.0021(a) states that a person is eligible to hold the office of constable if he is an active or inactive licensed peace officer. *Id.* § 86.0021(a). Subsection 86.0021(b) provides that a constable forfeits his office unless, "[o]n or before the 270th day after the date a constable takes office, the constable [] provide[s], to the commissioners court of the county in which the constable serves, evidence that the constable has been issued a permanent peace officer license under Chapter 1701, Occupations Code." *Id.* § 86.0021(b).

Thus, the apparent purpose of subsection 86.0021(b) is to ensure that the commissioners court has timely notice that a newly-elected constable holds either an active or inactive permanent peace officer license. *See id.* Stevens contends that he complied with this requirement when he provided copies of his L-1 and PSR to the county judge on February 8, 2021. The State contends that simply providing the documents to the county judge without explanation or a specific request that they be

presented to the entire commissioners court was not enough to comply with subsection 86.0021(b). We disagree with the State and hold that Stevens substantially complied with subsection 86.0021(b)'s notice requirement. *See Roccaforte,* 341 S.W.3d at 926.

Stevens gave copies of his L-1 and PSR to the county judge on February 8, 2021—well within the 270-day window. This documentation showed that Stevens was a licensed peace officer who, at the time of taking office, had been on inactive status since 2013. The PSR showed that he had worked as a peace officer in multiple capacities for more than a decade, including as an officer for the Archer County Sheriff's department in 2002. And on the L-1, the county judge acknowledged with his signature that the county had on file "the appropriate documents to show that [Stevens] [met] the minimum standards for licensing and/or appointment." Beyond providing these documents, Stevens also had multiple conversations with the county judge and county attorney about his licensing status and the progress he was making toward reactivating his license. The county judge testified that a person can have an item added to the Archer County Commissioners Court's agenda by first presenting that item to the county judge.

Thus, Stevens provided to the Archer County Judge (the presiding officer of the commissioners court, *see* Tex. Const. art. V, § 18) and the Archer County Attorney (the county's legal advisor, *see* Tex. Gov't Code Ann. § 41.007) evidence that he held a permanent peace officer license. The county judge was an acknowledged conduit

13

through which evidence of this licensing could have been added to the commissioners court agenda, and Stevens had no general right to speak at a commissioners court meeting concerning his licensing unless the issue was first placed onto the agenda. *See* Tex. Gov't Code Ann. §§ 551.001(3)(B), 551.002, 551.007 (requiring only that public testimony be allowed regarding items placed on the meeting agenda); *Charlestown Homeowners Ass'n, Inc. v. LaCoke*, 507 S.W.2d 876, 883 (Tex. App. Dallas—1974, writ ref'd); Op. Tex. Att'y Gen.No. JC-0169 (2000). That Stevens had previously served as both a constable and sheriff's deputy in Archer County is further evidence that the commissioners court was fairly apprised that he held a permanent peace officer license. For these reasons, we conclude that the purpose of subsection 86.0021(b)'s notice requirements was fulfilled in this case.

To hold otherwise would create a procedural trap that could lead to a duly-elected constable forfeiting his office even after providing timely, sufficient licensing evidence to a county official who is recognized as one channel through which items are regularly placed on the commissioners court agenda. *See Roccaforte*, 341 S.W. at 926–27. All it would take is for that evidence to then be kept—either inadvertently or purposefully—from ever appearing on the court's agenda for 270 days. This is precisely what happened to Stevens here.

The State argues that merely providing evidence to the county judge did not suffice to fulfill Stevens's obligations under subsection 86.0021(b) because Texas courts have held that the commissioners court can act only as a single body and

14

cannot be bound by the unauthorized action of one member. This argument is unavailing because the situation at hand does not involve any unauthorized action by the county judge. Rather, the issue here may be more aptly construed as one of *inaction*, specifically the county judge's failure to place the evidence provided by Stevens before the commissioners court. The county judge took no action—much less any unauthorized action—to bind the commissioners court to anything. And ultimately, the commissioners court had no say in approving Stevens's candidacy—it was merely entitled to evidence of his licensing, which it received for purposes of subsection 86.0021(b).

## IV. CONCLUSION

Accordingly, having held that the trial court reversibly erred and that the undisputed evidence shows that Stevens substantially complied with the requirements of subsection 86.0021(b), we reverse the trial court's judgment and render a take-nothing judgment against the State. *See* Tex. R. App. P. 43.3.

/s/ Brian Walker

Brian Walker
Justice

Delivered: December 15, 2022

15