**Walter C. SMITH, Appellant,**

v.

**ALLSTATE INSURANCE COMPANY,**
**Appellee.**

**No. 7835.**

Court of Civil Appeals of Texas.

Texarkana.

Oct. 3, 1967.

Rehearing Denied Oct. 24, 1967.

Harold B. Stone, Kelsoe & Stone, Dallas, for appellant.

Royal H. Brin, Jr., W. Richard Davis, Strasburger, Price, Kelton, Martin & Unis, Dallas, for appellee.

DAVIS, Justice.

Plaintiff-appellant sued defendant-appellee for alleged injuries under the "uninsured motorist coverage" of an automobile policy as the result of an accident that occurred on March 8, 1965, when the automobile in which appellant was riding was struck in the rear end by a car driven by one Leroy Pearson. Appellant was in a car, which belonged to the City of Dallas, and being driven by Paul Lee Bently. The first written notice given to appellee was by a letter dated November 17, 1965, and received November 19, 1965, by appellant's attorney. On November 19, 1965, a casualty claim supervisor of appellee, by letter, "Registered Return Receipt Requested" notified appellant that it was denying any liability because of his "failure to give written notice of the accident as soon as practicable and for other reasons".

The deposition of appellant was taken in which he admitted that more than eight months had passed after the accident occurred (March 8, 1965) before any "written" notice was given to appellee, (November 19, 1965). The insurance policy was plead and was in evidence.

Appellee filed a motion for summary judgment. Then, appellant filed a motion for summary judgment. They alleged in their motion that there was "no material issues of fact to be decided by the court or a jury" and that each was entitled to a judgment as a matter of law.

The motions were heard on December 8, 1966, and judgment was "entered" on December 13, 1966, in which appellant's motion was overruled and appellee's motion was sustained. Appellant has perfected his appeal and brings forward five points of error.

By his five points, appellant says the trial court erred: (1) in not holding that he timely gave notice as soon as practicable under the uninsured motorist provision after the accident; (2) in failing to recognize that he gave timely notice and offered "occasion and legal" excuse for the delay; (3)

failing to recognize his offer to arbitrate; (4) in sustaining appellee's motion on the notice question for the reason that want of notice was not specially pleaded under oath; and, (5) in failing to submit to the jury the question that the appellee had waived the right to complain of late notice.

Appellee challenges each point of error. The policy provides that "written" notice "shall be given by or for the insured to the company or any of its authorized agents as soon as practicable". The attorney for appellant admitted in the letter that he wrote appellee on November 17, 1965, that "the claim has not been reported to you before now". The casualty claim supervisor notified appellant by letter "registered return receipt requested" on November 19, 1965, that appellee was denying any coverage under the policy because of appellant's failure to give written notice of the accident as soon as practicable, more than eight months after the accident. He swore to this fact and it was attached and made a part of appellee's motion for summary judgment. Appellant did not plead nor prove in the deposition, or by affidavit any good reason or legal excuse for his failure to do so. Klein v. Century Lloyds, (1955) 154 Tex. 160, 275 S.W.2d 95; National Surety Corporation v. Diggs, Tex.Civ.App., (1954) 272 S.W.2d 604, W.R.,N.R.E.; Lane v. Anchor Casualty Company, (1962), Tex. Civ.App., 355 S.W.2d 90, N.W.H.; Allen v. Western Alliance Insurance Co. (Tex.Sup. Ct.1961), 349 S.W.2d 590; Comeau v. Phoenix Assurance Co. of New York (1966), 350 Mass. 769, 215 N.E.2d 175; and, Aetna Insurance Company v. Durbin, Tex.Civ.App., 417 S.W.2d 485.

We have carefully considered all the other points and find them to be without any merit. The points are overruled.

The judgment of the trial court is affirmed.