The CONTINENTAL INSURANCE COM-
PANY, Appellant,

v.

Gene M. JACKSON, Appellee.

No. 4826.

Court of Civil Appeals of Texas.

Waco.

Oct. 9, 1969.

Rehearing Denied Oct. 30, 1969.

Strasburger, Price, Kelton, Martin & Unis, Dallas, for appellant.

Donald Busby, Cleburne, for appellee.

OPINION

WILSON, Justice.

Insured-appellee sued his insurer under an automobile liability policy alleging his automobile covered by the policy was in a collision with the automobile of another driver on July 22, 1967, and that the insurer denied liability under the policy, refusing to defend the action by the other driver against him, which resulted in judgment against insured.

In a non-jury trial judgment was rendered in the present case against the insur-

er for the amount of the judgment rendered in the previous action, with costs and attorneys fees incurred by insured in defending that suit.

Insured, an automobile dealer, permitted a commission salesman to drive his used pickup truck to Dallas to sell it. The salesman was involved in an accident while driving the truck on July 22. On July 23, insured testified, the salesman informed him of the accident. "He said it wasn't his fault, but that he had gotten a ticket".

The notice provision in the insurance policy required that in the event of an accident written notice should be given to the insurer "as soon as practicable".

Insured testified that when informed of the accident he told the salesman "to go see these people and get some estimates on the car to see about getting it fixed and just pay for it ourselves, because he told me it was minor, something in the $150 to $200 range. So I told him that we would just pay it out of our pocket and not turn it in to the insurance company." His testimony was, "Well, these automobile lot insurance policies are very hard to obtain to start with, and once you do have a liability policy like that you want to take care of it, and I didn't want to turn it in on my insurance unless I had to."

The salesman asked insured, when telling him of the accident, if he "wanted to turn it in" to the insurance company, and insured answered, "No". Insured did not attempt to talk to the driver of the other car or ascertain independently the seriousness of the accident.

The first week in August insured went to California for a vacation, returning about August 28th. A letter was then awaiting him from an attorney demanding $1000 for damages resulting from the collision. To this time no notice of the accident had been given to insurer. Soon thereafter, the exact date not being fixed, insured told his local agent about the accident for the first time. Insured signed a non-waiver agreement under which insurer investigated the collision. The suit arising from the collision and insurer's denial of liability and refusal to defend ensued.

There is no pleading of waiver of the policy provision requiring notice as soon as practicable.

As a matter of law, under this evidence, insured failed to give notice as required by the policy as soon as practicable, precluding recovery. Klein v. Century Lloyds, 154 Tex. 160, 275 S.W.2d 95; National Union Fire Insurance Company v. Bourn, (Tex.Civ.App.1969) 441 S.W.2d 592 and cases cited, syl. 1; cases cited, State Farm Mutual Automobile Insurance Co. v. Hinojosa, (Tex.Civ.App.1961) 346 S.W.2d 914, writ. ref. n. r. e. See Allen v. Western Alliance Insurance Co., 162 Tex. 572, 349 S.W.2d 590, 593 (1961). Reversed and rendered.