**Sandra DOYLE, Appellant,**

v.

**UNITED SERVICES AUTOMOBILE ASSOCIATION, Appellee.**

No. 469.

Court of Civil Appeals of Texas, Houston (14th Dist.).

April 7, 1971.

Rehearing Denied April 28, 1971.

Jay D. Hirsch and Walter S. Kane of Hicks, Hirsch, Glover & Kane, Houston, for appellant.

Robert J. Malinak and Charles W. Wofford of Baker & Botts, Houston, for appellee.

TUNKS, Chief Justice.

This appeal involves a suit on the "uninsured motorist" provision of an insurance policy. The trial court granted the insurer's motion for summary judgment and the insured has appealed.

On March 7, 1970, Sandra Doyle, plaintiff in the trial court and appellant here, was a passenger in a car being driven by, but not owned by, James David Robinson. The car in which appellant was riding was struck by another car whose driver left the scene without being identified. Allstate Insurance Company allegedly had in effect a policy of insurance issued to National Car Rental, the owner of the car in which appellant was riding. United Services Automobile Association had in effect policies of casualty insurance issued to James David Robinson under the terms of which appellant was admittedly an insured. Appellant, on June 1, 1970, filed suit against both insurance companies seeking recovery under the uninsured motorist provisions of the policies for her personal injuries sustained in the collision. Her allegation as to the basis of her claim of coverage was that " * * * the vehicle that caused the damages and injuries to the Plaintiff SANDRA DOYLE was being operated by an unknown party and that said vehicle was uninsured within the meaning of the policy of insurance issued by the corporate Defendants * * *."

Part IV of the policy under which appellant claims is entitled "Protection Against Uninsured Motorist" and provides for payment, subject to limits, of all sums which the insured is legally entitled to recover as damages from the owner or driver of an uninsured automobile because of bodily injury. It defines an uninsured automobile as including "A hit-and-run automobile." A hit-and-run automobile is, in turn, defined in this language:

" 'hit-and-run automobile' means an automobile which causes bodily injury to an insured arising out of physical contact of such automobile with the insured or with an automobile which the insured is occupying at the time of the accident, provided: (a) there cannot be ascertained the identity of either the operator or the owner of such 'hit-and-run automobile'; (b) the insured or someone on his behalf shall have reported the accident within 24 hours to a police, peace or judicial officer or to the Commissioner of Motor Vehicles, and shall have filed with the company within 30 days thereafter a statement under oath that the insured or his legal representative has a cause or causes of action arising out of such accident for damages against a person or persons whose identity is unascertainable, and setting forth the facts in support thereof; and (c) at the company's request, the insured or his legal representatives makes available for inspection the automobile which the insured was occupying at the time of the accident."

The general conditions of the policy require that the insured give the insurer notice of any accident "as soon as practicable."

The basis upon which the insurer, United Services Automobile Association, sought and was granted summary judgment was the failure of the insured's case to meet the

requirement of part (b) of that definition of a hit-and-run automobile. It was shown by uncontroverted summary judgment evidence that no report of the collision in question was made until May 22, 1970, 76 days later, when the driver, Robinson, orally reported it to appellee's claims investigators. Interrogatories were served upon appellant, including the questions:

"5. Have you ever communicated in writing with United Services Automobile Association, or any of its representatives, concerning the occurrence made the basis of this suit?"

"9. Has any person in your behalf directed any written communication to United Services Automobile Association or any of its representatives concerning the occurrence made the basis of this suit?"

On July 6th, she answered both of those interrogatories in the negative. Appellee served upon appellant a request for admissions of facts stated in the following language:

"1. That prior to July 1, 1970, Sandra Doyle did not communicate in writing with United Services Automobile Association or any of its representatives concerning the occurrence made the basis of this suit.

"2. That Sandra Doyle did not file with United Services Automobile Association or any of its representatives within thirty (30) days of March 7, 1970, a statement under oath that she has or had a cause or causes of action arising out of the occurrence made the basis of this suit for damages against a person or persons whose identity was unascertainable."

The reply made by appellee's attorney dated August 13, 1970, was in this language:

"1. Admitted tthat Sandra Doyle did not personally communicate with United Services Automobile Association as she did not know who Jim Robinson carried his insurance with and was not aware that his insurance policy applied to her."

"2. Cannot admit or deny for the reason that she does not understand the portion of the statement that said ' * * * she has or had a cause or causes of action arising out of the occurrence * * * ' "

On September 14, appellant's attorney filed a reply to appellee's motion for summary judgment to which was attached an affidavit of appellant. That affidavit recited that appellant had asked Robinson for information as to his insurance coverage and also contained the following language:

"ROBINSON refused to cooperate with me and give me any information concerning his personal insurance and informed me that his own insurance did not apply to this situation because of the fact that the insurance provided by NATIONAL CAR RENTAL would apply and take care of any injuries that I received as a result of the accident. I repeatedly attempted to get JAMES DAVID ROBINSON to supply me with information about his own personal insurance policy so that I could attempt to report the accident to his insurance carrier but I was never to get any cooperation from ROBINSON, who continued to assure me that his personal insurance did not apply to this situation."

It was then recited in the affidavit that it was on May 21st or May 22nd that she first was able to learn the identity of Robinson's insurance carrier and that before such date she had no way of notifying such carrier of the accident.

After the appellee's motion for summary judgment had been granted the trial court severed appellant's cause of action against appellee from her cause of action against Allstate Insurance Company thus making the judgment final and appealable. Appellant's appeal is based upon the proposition that the "as soon as practicable" notice provision of the policy applied to her claim and that the requirement that she file a sworn statement within thirty days to the effect that she had a cause of action against

a hit-and-run motorist did not preclude her recovery. She further says that because of Robinson's refusal, until May 21, 1970, to identify his insurer, there is a question of fact as to whether she notified the appellee "as soon as practicable."

■ It is clear that, under the terms of the policy, the general notice provision would have been applicable if this were a claim based upon a collision with an identified uninsured motorist. In her brief appellant makes the statement that the identity of the driver of the car that collided with the one occupied by her is known both to her and to appellee so that the hit and run section of the uninsured motorist coverage is not applicable to this case. (There is no statement, however, that such driver was uninsured.) The above quoted and mentioned excerpts from appellant's trial pleadings, affidavits and responses to interrogatories and request for admissions, however, all establish appellant's claim as being under that portion of the uninsured motorist coverage relating to a claim based upon a collision with a hit-and-run driver. The theory of the case, as presented to the trial court, not only by the pleadings, but also by the summary judgment evidence, was a claim of liability by plaintiff and the denial of liability by defendant under the hit-and-run portion of the uninsured motorist provision. That theory having prevailed in the trial court in a proceeding that resulted in a final judgment, appellant cannot now be heard to say that such judgment should be reversed because she now claims under a different theory of liability. Leonard v. Abbott (Tex.Sup.Ct.), 366 S.W.2d 925; Hodge v. Ellis, 154 Tex. 341, 277 S.W. 2d 900.

■ Appellant's alternative argument for reversal is to the effect that she was excused from compliance with the requirement that she file the sworn statement within thirty days because Robinson refused to identify his insurer. The record shows that her attorney learned the identity of Robinson's insurer, the appellee, on May 21st

or 22nd of 1970. The record further shows that as of July 7, 1970, more than thirty days after her attorney admittedly had learned that appellee was Robinson's insurer, she still had not filed the required sworn statement. If it is assumed that Robinson's failure to cooperate with her until May 21 or 22 excused her from failing to file the sworn statement up until that time, such non-cooperation did not excuse the further delay for more than 30 days.

■ Insurers in Texas are required to furnish their insureds with uninsured motorist coverage unless such coverage is rejected by the insured. Art. 5.06–1, Texas Insurance Code, V.A.T.S. It is also provided that the State Board of Insurance is authorized to promulgate the policy forms relating to uninsured motorist coverage. Art. 5.06–1, paragraph (2). In the form so promulgated an uninsured automobile is defined as including a hit-and-run automobile even though it actually may be covered by insurance. That is to say, under the policy form promulgated one may be covered by the uninsured motorist provision even though the vehicle or driver causing the damage is insured, if it is a hit-and-run automobile. Such coverage relates to a situation susceptible of fraudulent claims because it contemplates the absence of a most important witness—the offending driver. (There is no suggestion of any fraud in this case.) It is reasonable that the Board of Insurance approve a policy form that imposes strict limitations upon the situation in which there is such coverage. Thus, whether the sworn statement in 30 days provision be considered a part of the definition and limitation of the circumstances as to which the uninsured motorist coverage prevails, as related to a hit-and-run accident, or as a special notice requirement in hit-and-run cases, it should be given effect. The Texas courts have consistently enforced those provisions of liability insurance policies requiring, as a condition to the insurer's liability, that the insurer be given notice of relevant facts as required by the policy. Klein v. Century Lloyds,

154 Tex. 160, 275 S.W.2d 95; Continental Ins. Co. v. Jackson, Tex.Civ.App., 446 S.W. 2d 125, err. ref., n. r. e.; Smith v. Allstate Ins. Co., Tex.Civ.App., 419 S.W.2d 455, err. ref., n. r. e.; Lane v. Anchor Cas. Co., Tex. Civ.App., 355 S.W.2d 90, no writ. hist.; State Farm Mutual Automobile Insurance Company v. Hinojosa, Tex.Civ.App., 346 S.W.2d 914, n. r. e.

The judgment of the trial court is affirmed.