Sandra **DOYLE**, Petitioner,

v.

**UNITED SERVICES AUTOMOBILE ASSOCIATION**, Respondent.

No. B–2767.

Supreme Court of Texas.

May 24, 1972.

Hicks, Hirsch, Glover & Kane, Jay D. Hirsch and Marc Allan Sheiness, Houston, for petitioner.

Baker & Botts, Robert J. Malinak and Charles W. Wofford, Houston, for respondent.

WALKER, Justice.

This is a suit by Sandra Doyle, petitioner, against United Services Automobile Association, respondent, on the "uninsured motorist" provisions of two automobile insurance policies issued by respondent to James D. Robinson. Respondent's motion for summary judgment was granted by the trial court on the sole ground that petitioner had not filed with respondent within thirty days the sworn statement required by the policy "definition" of the term "hit-and-run automobile." The Court of Civil Appeals affirmed. 466 S.W.2d 843. We hold that respondent failed to establish that it is entitled to judgment as a matter of law.

On March 7, 1970, petitioner was injured while traveling as a passenger in an automobile owned by National Car Rental and operated by James D. Robinson. This automobile was covered by a policy issued to National Car Rental by Allstate Insurance Company. Petitioner was injured when the car in which she was riding was struck by another automobile, and the driver of the latter vehicle left the scene without being identified. Respondent had in effect policies covering two automobiles owned by Robinson, and petitioner was admittedly an additional insured thereunder.

On June 1, 1970, petitioner filed suit against Allstate and respondent seeking a recovery under the uninsured motorist provisions of the policies. When summary judgment was rendered in favor of respondent, petitioner's claim against Allstate was severed and went out of the case. The

material allegations of her petition with respect to respondent are as follows:

. . . In the policy of insurance in question the corporate Defendant United Services Automobile Association agreed to furnish your plaintiff Sandra Doyle protection in the event that the plaintiff sustained injuries and damages as a result of being struck by an uninsured automobile.

. . . Your plaintiff . . . Sandra Doyle was traveling as a passenger in a 1970 Javelin automobile being driven by James David Robinson in the 1100 block of Main Street, when suddenly and without warning the 1970 Javelin automobile was struck from the rear by another automobile, identified as a 1962 Mercury vehicle that was shown to have Arizona license plates and the driver of said vehicle left the scene of the accident without waiting for the police to arrive to make a proper investigation of the accident in question. . . .

Plaintiff would further show this Honorable Court that the vehicle that caused the damages and injuries to the plaintiff Sandra Doyle was being operated by an unknown party and that said vehicle was uninsured within the meaning of the policy of insurance issued by the corporate defendants. . . .

Part IV of the policies issued by respondent to Robinson is entitled "Protection Against Uninsured Motorists." Provision is there made for the payment, subject to certain limits, of all sums the insured is legally entitled to recover as damages from the owner or operator of an uninsured automobile because of bodily injury caused by accident and arising out of the ownership, maintenance or use of an uninsured automobile. Two of the definitions set out in Part IV of the policy are as follows:

"Uninsured automobile" includes a trailer of any type and means:

(a) An automobile or trailer with respect to the ownership, maintenance or use of which there is, in at least the amounts specified by the financial responsibility law of the state in which the insured automobile is principally garaged, no bodily injury liability bond or insurance policy applicable . at the time of the accident with respect to any person or organization legally responsible for the use of such automobile, or with respect to which there is a bodily injury liability bond or insurance policy applicable at the time of the accident but the company writing the same denies coverage thereunder; or

(b) a hit-and-run automobile; or

(c) an automobile with respect to which there is a bodily injury liability insurance policy applicable at the time of the accident but the company writing the same is or becomes insolvent;

\* \* \* \* \* \*

"hit-and-run automobile" means an automobile which causes bodily injury to an insured arising out of physical contact of such automobile with the insured or with an automobile which the insured is occupying at the time of the accident, provided: (a) there cannot be ascertained the identity of either the operator or the owner of such "hit-and-run automobile"; (b) the insured or someone on his behalf shall have reported the accident within 24 hours to a police, peace or judicial officer or to the Commissioner of Motor Vehicles, and shall have filed with the company within 30 days thereafter a statement under oath that the insured or his legal representative has a cause or causes of action arising out of such accident for damages against a per-

son or persons whose identity is unascertainable, and setting forth the facts in support thereof; and (c) at the company's request, the insured or his legal representative makes available for inspection the automobile which the insured was occupying at the time of the accident.

Part IV of the policy thus provides two separate and distinct coverages. Subject to certain limitations not material here, the insurer undertakes to pay damages arising from the ownership, maintenance or use of either: (1) an automobile not covered by a liability policy or covered by a policy issued by a company that denies liability or is insolvent; or (2) an automobile owned and operated by a person or persons whose identity cannot be ascertained. It is in connection with the second or "hit-and-run" coverage that the policy purports to require, as part of the "definition" of a hit-and-run automobile, that a sworn statement be furnished by the insured to the company within thirty days.

After the summary judgment was granted, petitioner learned the identity of the driver of the 1962 Mercury. She accordingly contended in the Court of Civil Appeals, and says here, that the trial court erred in restricting her to the "hit-and-run" coverage and in denying her an opportunity to recover under the other uninsured motorist coverage. We sustain this contention although there is a substantial basis in the record for the conclusions reached by the trial court and the Court of Civil Appeals.

Petitioner's pleadings are sufficiently broad to authorize a judgment in her favor under either of the coverages mentioned above. The responses of her attorney to certain interrogatories propounded by respondent indicate that at the time they were made she was expecting to recover only on the theory that the Mercury was a "hit-and-run" automobile within the meaning of the policy. Her answer to the motion for summary judgment was filed about two months later, however, and she there took the position that:

There is a fact question as to whether the accident of March 7, 1970, is a hit-and-run accident or an accident caused by an uninsured motorist as that term is defined by law.

While this statement is not as clear as it might be, it seems to us that petitioner was pointing out that there had been no proof that would confine her to one coverage or the other. From a practical standpoint, the two coverages are mutually exclusive. If the owner or operator of the automobile cannot be identified, it will be virtually impossible to establish that the vehicle was uninsured so as to bring the case within the first coverage. If the owner or operator can be identified, the second coverage has no application because the vehicle does not satisfy the policy definition of a hit-and-run automobile. In the ordinary "uninsured motorist" case, therefore, it is usually necessary to determine at the outset whether the identity of the owner or operator of the vehicle is ascertainable. Until that question is resolved, neither the parties nor the court can know which of the coverages afforded by the policy may be applicable.

The importance of this threshold question was recognized by respondent in its answers to interrogatories propounded by petitioner. Two of the interrogatories inquired whether, and if so why, respondent contended the Mercury was not a "hit-and-run automobile." Respondent answered that the contention was made for two reasons: (1) the required statement under oath had not been filed within thirty days, and (2) petitioner had not established that the identity of neither the owner nor the operator of the Mercury could be ascertained.

Petitioner alleged that the Mercury was operated by an unknown party. In her answers to interrogatories, she stated that she

had no information regarding the driver. Her affidavit states that she does not know the name of the driver or whether he was carrying a policy of liability insurance. Neither party attempted to show, and the summary judgment proof does not establish as a matter of law, that the identity of neither the owner nor the operator can be ascertained. Since that showing was not made, it is our opinion that the failure to furnish the sworn statement within thirty days affords no basis for rendering summary judgment in respondent's favor. If we assume that the policy provision requiring the statement is valid and effective and that respondent is not liable under the "hit-and-run" coverage, petitioner may yet establish her right to recover by proving that the Mercury was not insured and that the driver is legally liable for her injuries. There is no proof in this record that the Mercury was insured.

One of the general conditions of the policy requires that written notice of an accident be given by the insured to the company or any of its authorized agents as soon as practicable. Respondent has not contended that petitioner failed to comply with this provision, perhaps because she was unable to learn the name of Robinson's insurer until shortly before the present suit was filed. Be that as it may, we express no opinion as to the effect of the general notice provision in the present case.

Several months after this case was decided by the intermediate court, another Court of Civil Appeals held that the sworn statement requirement in the policy "definition" of "hit-and-run automobile" is void under the provisions of Art. 5546, Vernon's Ann.Tex.Civ.Stat. Latham v. Mountain States Mut. Cas. Co., Tex.Civ.App., 482 S.W.2d 655. That question has not been raised in the present case, and we express no opinion thereon.

The judgments of the courts below are reversed and the cause is remanded to the district court.