**EMPLOYERS CASUALTY COMPANY,
Petitioner,**

v.

**Joe Franklin CLARK et ux., Respondents.**

**No. B–3795.**

Supreme Court of Texas.

March 7, 1973.

Gardere, Porter & DeHay, G. Duffield Smith, Jr., Dallas, for petitioner.

Hughes & Shelton, Joe Max Shelton, Sherman, for respondents.

PER CURIAM.

This is a venue case. Joe Franklin Clark and wife, Juanita Clark, respondents, filed suit in Grayson County against Employers Casualty Company, petitioner, to recover on the uninsured motorist coverage of a family automobile policy. The Court of Civil Appeals has affirmed the order of the trial court overruling petitioner's plea of privilege. It held that venue is maintainable in Grayson County under the pro-

visions of Subdivision 23 of Art. 1995, Vernon's Ann.Tex.Civ.St., 488 S.W.2d 525.

In so far as relevant here, Subdivision 23 of Art. 1995 provides that suits against a private corporation may be brought in the county in which the plaintiff resided at the time the cause of action or part thereof arose, provided such corporation has an agency or representative in the county. Petitioner contends here and insisted in the Court of Civil Appeals that respondents failed to discharge their burden of proving a cause of action against petitioner, part of which arose in the county of suit, because there is no evidence that the other automobile was "uninsured" within the meaning of the policy. This contention was overruled by the Court of Civil Appeals. After noting that respondents had established that they resided in Grayson County when the policy was issued and that petitioner had an agency or representative in the county, the court concluded it was not necessary for respondents also to prove a breach of the contract. It reasoned that the statute requires proof of some element or part of the *alleged* cause of action. This requirement may be satisfied, according to the court, by proof of either the making of the contract or its breach. It held that respondents were not required to establish both the contract and its breach. This holding is contrary to our opinion in Victoria Bank & Trust Co. v. Monteith, 138 Tex. 216, 158 S.W.2d 63, where we said:

". . . A cause of action does not accrue or arise unless there is a cause of action. To prove that a cause of action has arisen in his favor a plaintiff must prove that he in fact has a cause of action. It was necessary, therefore, for the respondents Allison and others, plaintiffs in district court, when invoking this exception in subdivision 23 in order to defeat the plea of privilege, both to plead specifically and to prove facts showing that a cause of action arose in their favor against the defendant."

The Court of Civil Appeals here relied on Farmers Seed & Gin Co. v. Brooks, 125 Tex. 234, 81 S.W.2d 675, and Stone Fort National Bank of Nacogdoches v. Forbess, 126 Tex. 568, 91 S.W.2d 674. In *Forbess* the plaintiff established all the facts necessary to show a cause of action, and the only question was whether part of the cause of action arose in the county of suit. The discussion of the first certified question in *Brooks* is subject to the construction given it by the Court of Civil Appeals. If that is the effect of the decision, it was tacitly overruled by *Monteith*. For an analysis of the opinion in *Brooks,* see Petroleum Producers Co. v. Steffens, Tex.Civ.App., 157 S.W.2d 1003 (certified question answered, 139 Tex. 257, 162 S.W.2d 698).

There is a line of cases supporting the holding of the Court of Civil Appeals that the plaintiff need establish only part of a cause of action. See Inwood Nat. Bank of Dallas v. First B. & T. of Bryan, Tex. Civ.App., 485 S.W.2d 842 (no writ); Brass Brakes, Inc. v. Brake-O Intern., Inc., Tex. Civ.App., 473 S.W.2d 679 (no writ); Pitt Grill, Inc. v. Albert, Tex.Civ.App., 432 S. W.2d 160 (no writ); Highway Ins. Underwriters v. Pyeatt, Tex.Civ.App., 234 S.W. 2d 457 (mand. den.). To the extent that these or other cases hold that a plaintiff relying on the portion of Subdivision 23 quoted above need not establish a cause of action by proving at least a right and a breach by the defendant of the corresponding duty, they are disapproved. Cf. General Motors Acceptance Corp. v. Howard, Tex.Sup., 487 S.W.2d 708.

The uninsured motorist provisions of the policy in this case are substantially the same as those quoted in Doyle v. United Services Auto. Ass'n, Tex.Sup., 482 S.W. 2d 849. To establish their right to recover under this coverage, it was necessary for respondents to prove *inter alia* that the other vehicle was an "uninsured automobile" within the meaning of the policy. State Farm Mutual Automobile Ins. Co. v. Matlock, Tex.Sup., 462 S.W.2d 277. Since that was not done in the present case, re-

spondents failed to establish their right to maintain suit in Grayson County under the provisions of Subdivision 23 quoted above.

Under Rule 483, Texas Rules of Civil Procedure, the application for writ of error is granted and, without hearing argument in the case, the judgments of the courts below are reversed and judgment is here rendered transferring the cause to one of the District Courts of Dallas County, to be assigned and docketed by the District Clerk in accordance with Art. 2093f, V.A. T.S. The District Clerk of Grayson County will prepare a transcript of all orders made in the cause and send it with the original papers to the District Clerk of Dallas County.