**BARTEX, INC., Appellant,**

v.

**AUSTIN PAVING COMPANY, Appellee.**
**No. 12070.**

Court of Civil Appeals of Texas,
Austin.

Nov. 28, 1973.

Rehearing Denied Dec. 12, 1973.

Paul Thorp, Matthews & Thorp, Dallas, for appellant.

Leonard L. Franklin, Austin, for appellee.

SHANNON, Justice.

This is an appeal from an order overruling appellant's plea of privilege and pertains to Vernon's Tex.Rev.Civ.Stat.Ann. Art. 1995, subdivision 23.

Appellee, Austin Paving Company, sued. appellant, Bartex, Inc., in the district court of Travis County for the alleged breach of a written contract by the terms of which appellee was to perform "site grading" for a housing project in Austin. Appellee attached a copy of the contract to its petition and incorporated it by reference. Appellant, a private corporation with its registered office in Dallas County, filed its plea of privilege to be sued in that county. In its controverting plea, appellee pleaded that the cause of action arose in Travis County, that it was against a private corporation, and that, by virtue of subdivision 23, venue was properly in Travis County.[1]

In addition to the formal allegations, appellant alleged in paragraph IV of its plea of privilege a partial failure of consideration. In that paragraph appellant averred that it had been forced to rework and complete "certain items included in said con-

---

1. In the controverting plea, appellee also pleaded that the cause of action was properly maintained in Travis County by reason of subdivision 5 of Art. 1995. Appellee made no effort in its brief to sustain the judgment upon the basis of subdivision 5. In oral argument in this Court, counsel for appellee acknowledged that appellee did not rely on subdivision 5.

tract" because of the poor workmanship of appellee. Appellant did not deny under oath its corporate existence.

Upon trial, and without receiving any evidence, the court entered judgment overruling appellant's plea of privilege. We will reverse the judgment.

Appellant attacks the judgment by several points of error, claiming that appellee failed to prove the necessary venue facts under subdivision 23. In response, appellee points to paragraph IV of the plea of privilege and claims that it "contains language constituting judicial admission of the venue facts which makes proof thereof unnecessary."

 In so far as relevant here, subdivision 23 of Art. 1995 provides that suits against a private corporation may be brought in the county in which the plaintiff resided at the time the cause of action or part thereof arose. One relying upon this portion of subdivision 23 must prove a cause of action. In case of a suit on contract, the plaintiff, to establish a cause of action, must show at least a right and a breach by the defendant of the corresponding duty. Employers Casualty Company v. Clark, 491 S.W.2d 661 (Tex.1973),[2] Victoria Bank & Trust Co. v. Monteith, 138 Tex. 216, 158 S.W.2d 63 (1941), 1 McDonald, Texas Civil Practice, § 430.2 (Rev.Vol.1965), see Delhi Gas Pipeline Corporation v. Allgood, 492 S.W.2d 651 (Tex.Civ.App.1973, no writ).

Appellee failed to prove a cause of action. Assuming, without deciding, that paragraph IV of appellant's plea of privilege constituted an admission, it could establish no more than the existence of the contract. To prove a cause of action under the contract, it was incumbent upon appellee to establish its performance under the contract and appellant's breach. Employers Casualty Company v. Clark, *supra*.

The judgment is reversed and the judgment is here rendered, transferring the cause to one of the district courts of Dallas County, to be assigned and docketed by the district clerk in accordance with Tex. Rev.Civ.Stat.Ann. Art. 2093f.

Reversed and rendered.

2. Though *Clark* deals with the portion of subdivision 23 which provides that suits against a private corporation may be brought in the county in which the plaintiff resided at the time the cause of action or a part thereof arose, provided such corporation has an agency or representative in the county, the construction by the court in *Clark* of the words, "the cause of action or a part thereof arose" is equally applicable to that portion of subdivision 23 upon which appellee relies, ". . . in the county in which the cause of action or a part thereof arose . . . ."