J. C. ALSUP, Trustee, et al., Appellants,

v.

F. P. PICKENS, Appellee.

No. 16510.

Court of Civil Appeals of Texas, Houston (1st Dist.).

July 24, 1975.

Phil Mockford, Austin, for appellants.

Prappas, Caldwell & Moncure, Brantly Harris, B. Edward Williamson, Houston, for appellee.

EVANS, Justice.

This is a venue matter.

F. P. Pickens brought this suit against his former employer, Southwest Auto-Chlor System, Inc. and J. C. Alsup as a Trustee under the company's profit sharing plan. Pickens alleged that he had voluntarily terminated his employment on May 25, 1973 and that he had been paid by the trustees an aggregate sum of $44,762.92 as his vested interest under the plan. He alleged that the trustees had valued the real estate belonging to the plan substantially below its market value, thus reducing the real value of his interest under the plan, and that he was entitled to at least the sum of $79,-561.04 as his vested interest. He sought to have an auditor appointed, the account stated between himself, the trustees and Southwest, and to recover the difference between the amount so determined by the Trustees as his vested interest and the amount to which he claimed he was entitled upon such re-evaluation of the real estate.

Pickens was shown to be a resident of Harris County. J. C. Alsup, Trustee, was a resident of Travis County. Southwest had its principal office and place of business in Travis County. A plea of privilege was filed on behalf of Alsup and Southwest seeking transfer to Travis County, which the trial court overruled.

In its findings of fact the trial court found that the trustees had undervalued Pickens' interest under the plan and that Southwest had a "real and substantial interest" in the outcome of the litigation. In its conclusions of law it determined that Pickens' suit was a "judicial proceeding affecting the trust" under a provision of the plan which provided that in any such judicial proceeding affecting the trust it should be necessary to join as parties "only the Trustees and the Company." The court also concluded that Pickens had a cause of action for statement of accounts based upon a correct valuation and accounting and was entitled to maintain his action in Harris County against Southwest under Section 23,

Article 1995, Vernon's Tex.Rev.Civ.Stat. Ann., and against J. C. Alsup, Trustee, under Section 29a, Article 1995, Tex.Rev.Civ. Stat.Ann.

Section 23, Article 1995, Tex.Rev.Civ. Stat.Ann., provides:

"Suits against a private corporation . . . may be brought . . . in the county in which the cause of action or part thereof arose; or in the county in which the plaintiff resided at the time the cause of action or part thereof arose, provided such corporation, association or company has an agency or representative in such county."

■ In order to maintain venue under this section it was necessary that Pickens prove that a duty was owed to him by Southwest and that such duty had been breached. *Employers Cas. Co. v. Clark*, 491 S.W.2d 661, 662 (Tex.1973); *Victoria Bank & Trust Company v. Monteith*, 138 Tex. 216, 158 S.W.2d 63, 67 (Tex.Com.App. Sec. A, 1941); *Bartex, Inc. v. Austin Paving Co.*, 502 S.W.2d 569 (Tex.Civ.App.—Austin, 1973, writ dism'd).

■ In their first point of error Alsup and Southwest assert there is no evidence to support the trial court's conclusion that Pickens had a cause of action against Southwest. In deciding this point we consider only that evidence which supports the trial court's judgment and indulge every reasonable conclusion in favor of the successful party. *Mid-Continent Life Insurance Co. v. Huston*, 481 S.W.2d 943, 944 (Tex.Civ.App.—Houston, 1972, writ ref'd n. r. e.).

■ The provision in the plan to the effect that the Trustees and the company were the "only" necessary parties required to be joined in a judicial proceeding affecting the plan does not, in our opinion, establish any basis for holding a cause of action to be maintainable against Southwest in Harris County. It is conceivable that an employer might exercise such control over a trust committee administering such plan as

to render itself liable for illegal action on the part of the trustees. *Food Fair Stores, Inc. v. Greeley,* 264 Md. 105, 285 A.2d 632 (1972); 54 A.L.R.3d 189, 194. In the case before us Southwest was given rather extensive authority with respect to the appointment and removal of trustees, the approval of their accounting and the right to amend and discontinue its participation in the plan. However, the valuation of trust assets was a matter entirely within the trustees' discretion and control and the plan expressly provided that under no circumstances should the trust assets ever revert to, be used or enjoyed by, Southwest. There is no evidence that Alsup or other officers of Southwest improperly influenced the trustees in their valuation of the real estate belonging to the trust nor, in our opinion, is there evidence from which such improper conduct might be reasonably inferred. We therefore hold that Pickens failed, as a matter of law, to establish a cause of action against Southwest and that the judgment of the trial court must be reversed so that the cause may be properly transferred to Travis County, the county of Alsup's residence and the principal place of business of Southwest.

In view of our holding on this point we deem it unnecessary to consider the question raised by the second point of error as to whether there was proof that Southwest had an agency or representative in Harris County within the meaning of Sec. 23, Article 1995, Tex.Rev.Civ.Stat.Ann., nor the third point of error as to whether Alsup was a necessary party to the action against Southwest under Section 29a, Article 1995, Tex.Rev.Civ.Stat.Ann.

Reversed and remanded with instructions that the cause be transferred to Travis County, Texas.