**TRINITY UNIVERSAL INSURANCE COMPANY, Appellant,**

v.

**Jessie James VARNADO, Appellee.**

**No. 12643.**

Court of Civil Appeals of Texas, Austin.

Oct. 19, 1977.

Rehearing Denied Nov. 9, 1977.

Scott R. Kidd, Brown, Maroney, Rose, Baker & Barber, Austin, for appellant.

John R. Duren, Duren & Thompson, Copperas Cove, for appellee.

SHANNON, Justice.

This is an appeal from the judgment of the district court of Lampasas County overruling the plea of privilege of Trinity Universal Insurance Company. The appeal pertains to Tex.Rev.Civ.Stat.Ann. art. 1995, § 23 (1964). We will reverse the judgment.

Appellee, Jessie James Varnado, filed suit for $1,342.73 in the district court of Lampasas County against appellant Trinity Universal Insurance Company. Appellee's suit was grounded upon a family automobile insurance policy written by appellant for appellee. Appellee alleged that his pickup truck, an insured vehicle under the terms of the policy, was damaged by fire, and that appellant refused to pay him under the contract of insurance.

Appellant filed a plea of privilege to be sued in Dallas County. Appellee filed his controverting plea, asserting venue in Lampasas County by reason of Tex.Rev.Civ. Stat.Ann. art. 1995, § 23.

The applicable sections of § 23 of Art. 1995 provide as follow:

"23. Corporations and associations.— Suits against a private corporation . . may be brought . . . in the county in which the plaintiff resided at the time the cause of action or part thereof arose, provided such corporation . . . has an agency or representative in such county; or, if the corporation . . . had no agency or representative in the county in which the plaintiff resided at the time the cause of action or part thereof arose, then suit may be brought in the county nearest that in which plaintiff resided at said time in which the corporation . . then had an agency or representative. . . . ."

To prevail upon either of the provisions of § 23, quoted above, one must prove a cause of action. In case of a suit on a contract, the plaintiff, to establish a cause of action, must show at least a right and a breach by the defendant of the corresponding duty. *Employers Casualty Company v. Clark*, 491 S.W.2d 661 (Tex.1973); *Victoria*

Bank & Trust Co. v. Monteith, 138 Tex. 216, 158 S.W.2d 63 (1941); *Bartex, Inc. v. Austin Paving Co.*, 502 S.W.2d 569 (Tex.Civ.App. 1973, writ ref'd n. r. e.).

■ Appellee did prove the contract of insurance and his compliance therewith, but appellee failed to prove appellant refused to pay the claim. To prove a "cause of action," appellee had to establish the contract *and* its breach. *Employers Casualty Co. v. Clark, supra.*

The judgment is reversed and the cause is remanded to the district court with instructions to transfer the cause to one of the district courts of Dallas County.