**MEMBERS MUTUAL INSURANCE COMPANY, Appellant,**

v.

**Brenda Carlstead WOOD, Appellee.**

No. 8661.

Court of Civil Appeals of Texas, Texarkana.

April 10, 1979.

J. Hawley Holman, Atchley, Russell, Waldrop & Hlavinka, Texarkana, for appellant.

Errol N. Friedman, Harkness, Friedman, Kusin & Hooper, Texarkana, for appellee.

RAY, Justice.

This is a venue case. Appellee (plaintiff), Brenda Carlstead Wood, brought suit against appellant (defendant), Members Mutual Insurance Company, seeking recovery under her uninsured motorist coverage of her own automobile insurance policy. Her claim arose out of an automobile collision in which she was injured as a passenger while riding in one of the vehicles involved. Appellant filed its plea of privilege asserting venue in Dallas County, and appellee, after obtaining leave of court, filed her controverting affidavit three days late. Subsequently, the court overruled appellant's plea of privilege. Members Mutual Insurance Company has perfected its appeal and submits two points of error for our consideration.

Appellant's first point of error is as follows:

"THE TRIAL COURT ERRED IN GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE CONTROVERTING AFFIDAVIT WHICH WAS FILED OUTSIDE THE TEN (10) DAY PERIOD PROVIDED BY TEXAS RULES OF CIVIL PROCEDURE, RULE 86."

Rule 86, Tex.R.Civ.P., requires that the controverting affidavit be filed within ten days after the adverse party or his attorney of record has received a copy of the plea of privilege. Rule 5, Tex.R.Civ.P., allows the ten day period to be enlarged if the adverse party pleads and proves good cause for failure to act within the ten day period prescribed by Rule 86, supra. *Bond v. Lewis*, 496 S.W.2d 181, 183 (Tex.Civ.App. Waco 1973, no writ). This Court stated in *Eagle Life Insurance Company v. Owens*, 549 S.W.2d 243 (Tex.Civ.App. Texarkana 1977, writ dism'd), the following:

". . . For good cause to exist a plaintiff must free himself of any implication of negligence, and show that some mistake or overreaching or some actual or constructive fraud upon the part of the defendant or his attorney induced delay. See 1 McDonald's, Texas Civil Practice, Sec. 4.48."

The record reflects that appellee's counsel requested a copy of the automobile insurance policy from his client, from the lienholder and from opposing counsel in order to file a comprehensive controverting affidavit. As it turned out, none of those individuals had or were able to produce a copy of the policy before the time had elapsed for filing the controverting affidavit. Appellee's counsel testified that he needed the policy in order to be accurate and to provide a truthful controverting plea. Verification of the controverting affidavit requires full knowledge of the facts set out in the plea. An affidavit based purely on information and belief is insufficient. Our review of the testimony and evidence in this case leads us to conclude that the trial court had good reason to grant the extension of time within which to file the controverting affidavit and that the trial court did not abuse its discretion by enlarging the time for filing the controverting plea. Appellant's first point of error is overruled.

It is contended in appellant's second point of error that the trial court erred in overruling the plea of privilege of Members Mutual Insurance Company. Appellee contends that she was entitled to bring suit in Bowie County under Subdivision 23, Art. 1995, Tex.Rev.Civ.Stat.Ann. Subdivision 23 provides in pertinent part the following:

"Suits against a private corporation, association, or joint stock company may be brought in the county in which its principal office is situated; or in the county in which the cause of action or part thereof arose; or in the county in which the plaintiff resided at the time the cause of action or part thereof arose, provided such corporation, association or company has an agency or representative in such county; . . ."

It must be kept in mind that appellee Wood was suing her own insurance company to recover damages for her injuries which were inflicted by an uninsured motorist. Members Mutual Insurance Company argues that appellee had the burden of proving both the contract of insurance and its breach.

At the plea of privilege hearing, appellee proved that Members Mutual Insurance Company had an insurance policy in which she was the named insured and that the policy provided uninsured motorist coverage.

Appellant contends that in order to satisfy the requirements of Subdivision 23, supra, appellee had to establish the following:

"(1) That she had in force and effect a policy of insurance issued by the insurance company providing for the uninsured motorist coverage;

(2) That the other driver was an uninsured motorist within the terms of the policy;

(3) That the accident occurred in the county of the suit;

(4) That the uninsured motorist was negligent;

(5) That such negligence was the proximate cause of the accident; and

(6) That plaintiff sustained injuries or damages."

We have concluded that appellee has met her burden of proof with respect to each of the above listed six requirements. However, appellant insists there is a seventh requirement and that appellee must also prove that the insurance carrier has failed and refused to pay the claim asserted by the insured. We agree.

Under Subdivision 23, supra, proof of the entire cause of action has always been considered one of the venue facts. *Employers Casualty Company v. Clark*, 491 S.W.2d 661, 662 (Tex.1973). In *Trinity Universal Insurance Co. v. Varnado*, 557 S.W.2d 374, 376 (Tex.Civ.App. Austin 1977, writ dism'd), the court stated:

"Appellee did prove the contract of insurance and his compliance therewith, but appellee failed to prove appellant refused to pay the claim. To prove a 'cause of action,' appellee had to establish the contract *and* its breach. *Employers Casualty Co. v. Clark, supra.*"

It was essential to proving appellee's cause of action that appellee show at least a right and a breach by appellant of the corresponding duty. In this case there is no evidence that appellee has filed a claim with the insurer that has been rejected. Since appellee did not prove a breach of the contract, the trial court should have sustained the plea of privilege.

The judgment of the trial court is reversed and judgment is here rendered transferring the cause to one of the district courts of Dallas County, to be assigned and docketed by the district clerk in accordance with Article 2093f, Tex.Rev.Civ.Stat.Ann. (Supp. 1978–1979). *Employers Casualty Company v. Clark, supra.*

HUTCHINSON, J., not participating.