TITLE INSURANCE COMPANY OF
MINNESOTA, Appellant,

v.

DEAN, LUDKA, HARRISON &
JOHNSON, a Professional
Corporation, Appellee.

No. 1887.

Court of Civil Appeals of Texas,
Corpus Christi.

April 30, 1981.

Charles E. Fitch, DeLange, Hudspeth, Pitman & Katz, Houston, for appellant.

Roy S. Dale, Brownsville, for appellee.

## OPINION

YOUNG, Justice.

This is an appeal of an order overruling a plea of privilege. Appellant, Title Insurance Company of Minnesota, asserted the right to be sued in its county of residence, while appellee, Dean, Ludka, Harrison & Johnson, A Professional Corporation, controverted this claim by asserting the venue exception set out in subd. 23, art. 1995, Tex.Rev.Civ.Stat.Ann. (1980). The trial court denied the appellant's plea of privilege. Minnesota appeals. We reverse.

This appeal of a plea of privilege originated in a suit by appellee, Dean, Ludka, Harrison & Johnson, A Professional Corporation, against appellant, Title Insurance Company of Minnesota and one of its wholly-owned subsidiaries, Brownsville Title Company. The specific counts of appellee's original petition set out two causes of action against appellant Minnesota: 1) breach of an oral contract whereby appellant Minnesota allegedly agreed to employ appellee Professional Corporation to service title work of Houston Title Co., another Minne-

sota subsidiary based in Harris County, and 2) fraudulent misrepresentation of the scope and quantity of legal work that this oral legal contract would bring.

An examination of the written contracts attached to the original petition of appellee does not substantiate any agreement between appellant and appellee insofar as providing legal services for Minnesota's subsidiary in Houston. The Stock Purchase Agreement is a contract between appellant Minnesota and Associated Valley Land Title Company, Inc. and Peter W. Dean, its principal shareholder. The agreement does not include any legal services or retainer contracts as consideration. In fact, said contract specifically includes provisions that the Title Company is not a party to any written or oral "agreement or contract not made in the ordinary course of business" or "agreement, contract or commitment involving payment by it of more than one thousand dollars ($1,000.00)." The second agreement, entitled Contract for Legal Services, entered into by Brownsville Title Company and Law Offices of Peter W. Dean, A Professional Corporation, does not mention appellant Minnesota Title.

Neither one of the written contracts pertain to the causes of action brought against appellant Minnesota for breach of contract and fraudulent misrepresentation in relation to the servicing of the document work of Houston Title Company by appellee Professional Corporation. The agreement involving Houston Title Company was an oral one, as admitted by Mr. Dean in the statement of facts.

After limiting our review of the causes of action based on the oral contract, there remains only one issue in this appeal: did appellee properly allege and prove one of its causes of action, either breach of oral contract or fraudulent misrepresentation, in order to maintain venue in Cameron County under subd. 23. It is uncontroverted that appellee had an agency or representative in Cameron County, being Brownsville Title Company.

■ Under subd. 23, each element of the cause of action must be alleged and proved to maintain venue in a particular county. *Producer's Grain Corp. v. Lindsay*, 603 S.W.2d 326 (Tex.Civ.App.—Amarillo 1980, no writ). The movant most prove facts showing that a cause of action arose in their favor, i. e., evidence of a right as well as a breach of the corresponding duty. *Lubbock Mfg. Co. v. Sames*, 598 S.W.2d 234 (Tex.Sup.1980); *Employers Casualty Co. v. Clark*, 491 S.W.2d 661 (Tex.Sup.1973); *Members Mut. Ins. Co. v. Wood*, 582 S.W.2d 492 (Tex.Civ.App.—Texarkana 1979, no writ); *Alsup v. Pickens*, 526 S.W.2d 266 (Tex.Civ.App.—Houston [1st Dist.] 1975, no writ). When the cause of action is based on contract, there must be some showing of the existence of a contract between the parties: that duties were created by the contract, that a breach of the duties occurred, and that the party sustained damages. *Producer's Grain Corp. v. Lindsay*, supra.

■ Even though this Court must resolve every reasonable intendment in favor of the trial court's order overruling the plea of privilege, evidence must be presented that establishes a cause of action. A review of the record of this appeal reflects a total absence of any evidence to support a cause of action based on either breach of oral contract or fraudulent misrepresentation arising out of the interaction between appellant Minnesota and appellee Professional Corporation. Without the requisite evidence, we must reverse the order of the trial court overruling the plea of privilege.

■ One other point raised by the appellee requires a brief examination. Appellee contends that subd. 5(a) would sustain venue in Cameron County. Tex.Rev.Civ.Stat. Ann., art. 1995 (1980). The exception embodied in subd. 5(a) was not raised, however, at the plea of privilege hearing, nor was it set out as a ground for establishing venue in the pleadings. Additionally, there is no evidence that the causes of action against the appellant are based on a written contract. The pleadings of appellee Professional Corporation and the testimony of its principal officer established that the suit

was based on an oral contract. Without some proof of a written contract, subd. 5(a) is inapplicable.

The order of the trial court is reversed and judgment is here rendered that Minnesota's plea of privilege is sustained.

BISSETT, J., not participating.