**Robert Lee NORSWORTHY, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–84–0358–CR.**

Court of Appeals of Texas,
Houston (1st Dist.)

Dec. 6, 1984.

Joe Cannon, Houston, for appellant.

John B. Holmes, Jr., Harris County Dist. Atty., Calvin A. Hartmann, Harris County Asst. Dist. Atty., Houston, for appellee.

Before EVANS, C.J., and DUGGAN and LEVY, JJ.

OPINION

PER CURIAM.

This is an appeal from a conviction for the offense of aggravated robbery.

The record reflects that appellant is indigent and represented by court-appointed counsel, Joe Cannon. No brief has been filed on appellant's behalf.

Appellant's brief was originally due in this court on October 19, 1984. On October 23, 1984, this court notified appellant that a brief had not been filed and that unless a brief and a motion to extend time were filed within 10 days, the court would take appropriate action. Appellant then filed a motion to extend the time for filing his brief until November 14, 1984. The court granted appellant's motion to extend time to file a brief until November 14, 1984, but expressly provided in its order that "NO FURTHER EXTENSIONS WOULD BE GRANTED".

In the face of such notification, on November 13, 1984, appellant's counsel filed a second motion to extend the time for filing appellant's brief, stating only that the press of other business prevented him from having sufficient time to prepare the appellant's brief. We deny this second motion, concluding that appellant's counsel has not shown a good cause for a further extension under the circumstances presented.

A court-appointed appellate counsel must act as an advocate for his indigent client, and this requires that counsel prepare and file a brief on appellant's behalf. *See, Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967); *Gainous v. State,* 436 S.W.2d 137 (Tex.Crim.App. 1969); and *Currie v. State,* 516 S.W.2d 684 (Tex.Crim.App.1974).

We abate the appeal and return the cause to the trial court for such action as necessary to protect the right of the appellant to effective assistance of counsel on appeal.

Accordingly, the appeal is abated.